In the Matter of ROBERT W. THOMPSON, Appellant, against CARROLL L. MEALEY et al., Constituting the State Tax Commission, Respondents.

Argued February 24, 1943; decided April 15, 1943.

*C. O. Donahue* and *Margaret E. Scott* for appellant.

*Nathaniel L. Goldstein, Attorney General* (*Henry S. Manley, Orrin G. Judd* and *Wendell P. Brown* of counsel), for respondents.

RIPPEY, J.  During the years 1936 and 1937, the appellant, a resident of the State of New York, was engaged in the business of repairing and waterproofing the exterior walls of industrial buildings in the States of New York, Pennsylvania, Delaware, New Jersey and Connecticut and the gross income from that business exceeded ten thousand dollars per year.  Accordingly, he was required to file with the State Tax Commission a return for each of those years under article 16-A of the Tax Law (L. 1935, ch. 33, as amd.) upon which was to be computed

and paid by him four per centum of his entire net income from the unincorporated business within the State.

The appellant duly filed returns upon blanks furnished by the Tax Commission, evidently prepared in manner and form to enable the taxpayer to report and pay his tax in exact conformity to the statutory provision, in which he showed that gross income from his business for 1936 was $125,697.16 and for 1937, $175,171.73, but that the gross income for unincorporated business tax purposes was $55,428.83 and $88,226.34 and net income $7,854.28 and $12,268.71 for those years respectively from New York State contracts or from contracts performed within the State of New York. Upon the returns, in answer to printed questions, he indicated that the business was carried on partly within and partly without the State and that he kept separate accounts for the business carried on within the State. The return contained " Schedule G " for allocation of the business conducted within and without the State if the books of the taxpayer failed to indicate the proportion of business income earned within the State and provided for computation of the tax on net income from within and without the State on the " factor " basis permissible under section 386-g of the Tax Law. On the return he was directed to attach an explanation of the method used to determine the New York income in the event that he maintained separate accounts and to ignore Schedule G and report New York income only if separate accounts were maintained. If separate accounts were not maintained, he was required to report total income and apportion it on Schedule G to New York State. He made no allocation on Schedule G, but explained that each job cost was recorded separately. He paid the tax based upon the net income from business within New York State.

The Tax Commission thereupon made an additional assessment for each year, asserting that the amount of the tax should be fixed upon the entire net income from the unincorporated business wherever conducted and that no allocation was permissible since, as it claimed, the only business office of the taxpayer was located in New York State. Under protest, appellant paid the additional taxes assessed. He petitioned for a revision and readjustment of the taxes under section 374 of the Tax Law and for a refund of the taxes

allegedly erroneously exacted. A hearing was held at which testimony was taken. The evidence produced at the hearing confirmed the contention which appellant made in his returns as to the amount of business done within and without the State respectively and that the books of the appellant were so kept as regularly to disclose the proportion of the business income which was earned within the State. It conclusively appeared that the returns correctly disclosed both the total income and the part apportioned to the State, and the basis upon which the apportionment was made. Without contradiction, it was shown that an office was maintained by appellant's representative in Philadelphia as a separate entity at which bills were made out for jobs done outside of New York State, at which checks were received in payment on such contracts and from which payments were made. It was also shown that an office was maintained by another representative in Connecticut. The character and requirements of the business were such as not to require any extensive or elaborate office setup. The " office " in New York State was a room in appellant's residence; the " office " in Philadelphia and Connecticut respectively was a room in the residence of the representative of the appellant who resided in that location. Nevertheless, the " office " in each location was the substantial and sufficient business headquarters of appellant and so proven and not here questioned. Notwithstanding all that, the Tax Commission, without making any express findings of fact, adhered to its former decision when it made the assessment and determined that appellant was required to pay the tax upon his entire net income from the unincorporated business wherever earned since he was a resident of and had his principal place of business in the State of New York. Furthermore, that the evidence established that appellant earned part of his income outside the State of New York is not here in dispute. The Tax Commission, in its return to appellant's petition in this proceeding, admits, as the uncontradicted evidence showed, that a large portion of appellant's work was done on buildings located outside the State of New York; that contracts for such business were solicited, generally negotiated and closed outside the State and that the cost of each job was kept separately on appellant's books so that the amount of income derived therefrom was readily determinable.

Thus, upon this proceeding under article 78 of the Civil Practice Act in the nature of certiorari to review the determination of the Tax Commission there is no controversy as to the controlling facts. Questions of law only are presented as to whether the Legislature has imposed under article 16-A of the Tax Law an unincorporated business tax upon a resident of the State upon the net income from that business conducted both within and without the State and, if so, whether the statute imposing such tax is constitutional.

The legislative history, purpose and the express provisions of article 16-A of the Tax Law and Commission Regulation No. 41 indicate that the exaction of the unincorporated business tax is to be imposed only upon net income from business done within this State. The intent of the Legislature was to bring unincorporated business enterprises doing business within the State into a tax scheme by which taxes were imposed upon similar businesses conducted within the State by corporations (See Legislative Document No. 56, 1935, pp. 24, 25) and to make such unincorporated businesses share their just proportionate burden of taxation. The Attorney-General admits that the intent was to parallel the corporation franchise tax (Tax Law, art. 9-A). In the Tax Commission's Manual 41, page 247, it is said: '' Where an unincorporated business is carried on both within and without New York State, only that part of the net income of such business carried on within the State is subject to tax '' (See also Tax Commission's Manual 35-B). An analysis of the act itself indicates that the tax was to be imposed only upon net income of business done within the State. Section 386-a provides: '' A tax is hereby imposed upon the entire net income of any unincorporated business wholly or partly carried on within this state * * * which tax shall be equal to four per centum of the entire net income within this state of such unincorporated business * * *.'' Section 386-g provides that '' If an unincorporated business is carried on both within and without the state the net income therefrom shall be apportioned so as to allocate to the state on a fair and equitable basis a proportion of such income in accordance with approved methods of accounting.'' Where the business is partly carried on within and partly without the State, two methods are set up by statute (see § 386-g) for determining the amount of taxable net income. By the first method it is provided,

" If the books of the unincorporated business are so kept as regularly to disclose the proportion of the business income which is earned within the state, the return under this article shall disclose both the total income and the part apportioned to the state and the basis upon which such apportionment is made. If such basis is approved by the tax commission the return shall be accepted." The second basis is also definitely laid down in the statute where it is said: " If the books of the unincorporated business do not disclose the proportion of net income within the state, or if the basis of apportionment used by the unincorporated business is not approved by the tax commission, an amended return required therefor shall disclose the net income from business both within and without the state, and the allocation may be made by ascertaining the percentage which each of the factors hereinafter designated as the ' New York state factors ' bears to the corresponding factor of the factors hereinafter designated as the ' total factors,' by then adding said percentages together and dividing by three and by applying the percentage thus obtained to the net income from business both within and without the state in order to arrive at the net income allocable to this state." Then follow definitions and descriptions of the factors to be considered (see also § 386-j).

The return and the evidence adduced at the hearing establish that the appellant kept his books so as regularly to disclose the proportion of the business income which was earned within the State and the return disclosed both the total income and the part apportioned to the State and the basis upon which such apportionment was made and that the business was conducted within and without the State. Any finding to the contrary by the Tax Commission was arbitrary and without substantial evidence to support it. Such income was to be computed in accordance with the method of accounting regularly employed in keeping the books of the taxpayer (§§ 386-j, 358). The appellant, therefore, complied fully with the requirements of the first basis upon which the allocation of net income was required to be made under the statute. It is true that the statute authorizes the Commission to reject the basis of apportionment made by the taxpayer, but it cannot, however, be held that the Legislature had any intent to confer upon the Tax Commission arbi-

trary authority to reject the allocation if the conditions precedent were complied with. It seems clear that the statute required the Commission under the conditions shown here, to accept the returns as filed. Had the field been left open for the Commission to find that the appellant had failed to overcome substantial evidence that he had not fully met all the conditions precedent to allocation on the first basis laid down by the statute, the Tax Commission then would have been required to permit him to file an amended return and to make the allocation in accordance with the second method that the statute provides.

The order of the Appellate Division should be reversed and the determination of the State Tax Commission annulled with costs in this court and in the Appellate Division.

FINCH, LEWIS and CONWAY, JJ., concur; LEHMAN, Ch. J., LOUGHRAN and DESMOND, JJ., dissent upon the ground that the burden was upon the taxpayer to show what part of his net income was derived from sources outside the State and that upon this record there was a failure to discharge such burden.

Ordered accordingly.