THE PEOPLE OF THE STATE OF NEW YORK ex rel. SHERATON BUILD-INGS, INC., Relator, v. TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, December 20, 1961.

*Goldwater & Flynn* (*Oliver T. Cowan* of counsel), for relator.

*Louis J. Lefkowitz, Attorney-General* (*Herman F. Nehlsen* of counsel), for respondent.

Coon, J.   Relator is a Massachusetts corporation doing some business in New York.   Its only business in New York at the time was owning and operating a hotel in Buffalo.   It also owned an office building in Boston which it sold during the year in question, realizing a long-term capital gain of $2,233,139.97.   An excise tax (very similar to the New York State franchise tax) on the full amount was paid in Massachusetts, with no attempt at apportionment, and the full amount was reported in its Federal income tax return.   Relator did not include this long-term capital gain in its New York franchise tax return, and paid a tax of $1,587.94 based on the business percentage allocable to New York.

The State Tax Commission ruled that the capital gain should have been included in net income (but not in total receipts) and assessed a tax of $38,135.42.   In doing so the commission used the three-factor formula provided by section 210 (subd. 3, par. [a]) of the Tax Law, and the commission's Personal Income Tax Regulations.   While the method of assessment adopted by the commission may technically come within the framework of the statute and the regulations, it reaches such an unfair and

inequitable result on the facts in this particular case that the procedure cannot be justified.

The business of relator conducted in New York and that conducted in Massachusetts are wholly unrelated. The operation of the hotel in Buffalo and the office building in Boston are not only under entirely separate accounts, but they are in no way dependent one upon the other or of aid one to the other. There were no contributions of income or value in any manner from one business to the other. In no sense could they be regarded as a "unitary" business, for which the "formula" used was designed. The two businesses are entirely unconnected economically.

The inclusion of the capital gain in the net income of relator and the method of allocation used results in an allocation of income for the one year to the State of New York of $693,371.34, which is substantially more than the total assessed valuation of the Buffalo hotel property for local tax purposes, and nearly seven times the true income of relator from its New York operation.

The commission is not bound to rigidly follow any formula in all cases, and both the Legislature and the commission have recognized that fact and provided for other methods of assessment when necessary to avoid hardship and accomplish fairness. (Tax Law, § 210, subd. 8; Personal Income Tax Regulations, arts. 411, 415.)

A franchise tax should bear a reasonable relationship to the privilege granted, and if the assessment is all out of proportion to the amount of business done within this State it is arbitrary and unreasonable. The capital gain on the sale of the Boston office building should not have been included as income. (*Hans Rees' Sons* v. *North Carolina*, 283 U. S. 123.)

The determination should be annulled, with $50 costs, and the matter remitted to the State Tax Commission for proceedings not inconsistent herewith.

BERGAN, P. J., GIBSON, HERLIHY and TAYLOR, JJ., concur.

Determination annulled, with $50 costs, and the matter remitted to the State Tax Commission for proceedings not inconsistent herewith.