In the Matter of PIPER, JAFFRAY & HOPWOOD et al., Petitioners, *v.* STATE TAX COMMISSION et al., Respondents.

Third Department, October 25, 1973.

*Shea, Gould, Climenko & Kramer* (*John W. Windhorst, Jr.,* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General* (*Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondents.

REYNOLDS, J. This is a proceeding pursuant to article 78 of the CPLR (transferred to the Appellate Division of the Supreme

Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained an unincorporated business income tax deficiency imposed under sections 701 and 707 of the Tax Law.

The central issue in this case is whether the petitioners, a Minnesota stockbrokerage partnership with its principal offices in Minneapolis, were required to allocate their income between New York and other jurisdictions for the tax years 1960 through 1962 pursuant to the "direct accounting" method provided in subdivision (b) of section 707 of the Tax Law as the respondent found or could, at their option, elect to utilize the "formula accounting" method provided in subdivision (c) of section 707. A reading of section 707 and its predecessor section 386-g and the regulations promulgated thereunder (20 NYCRR 287.1) discloses a clear intent that the "direct accounting" method is the preferred method and is to be utilized unless the taxpayer's books do not adequately separate out New York income and expenses (see *Matter of Thompson* v. *Mealey*, 290 N. Y. 230; *Matter of Teague* v. *Goodrich*, 4 A D 2d 984). Clearly for most unitary businesses with fiscally interdependent branches in different States, the formula method must be adopted, because the direct method is unavailable (see *Webb Resources* v. *McCoy*, 194 Kan. 758, 766). However, in the instant case, we find that the Commissioner could properly find that the direct accounting method should have been utilized. Here, the petitioners' New York gross income, which consisted solely of commissions earned by their sole New York partner, is concededly known and shown on the books and the direct expenses connected with such gross income are also clearly identifiable, at least from primary account books. While certain general firm overhead expenses such as lawyers' and accountants' fees, *et cetera,* apportionable to the New York operation would have to be estimated, we do not perceive such estimation as being too difficult to determine or support. This alone, in any event, would not preclude the respondents' requiring the use of the direct accounting method where, as here, there would otherwise appear to be no more clear cut case for the use of the direct accounting method of subdivision (b) of section 707.

The determination should be confirmed, and the petition dismissed, with costs.

STALEY, JR., J. P., GREENBLOTT, SWEENEY and MAIN, JJ., concur.

Determination confirmed, and petition dismissed, with costs.