■ In the Matter of THOMAS M. DEBEVOISE et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term,, entered in Albany County) to review a determination of the State Tax Commission which denied petitioners' application for redetermination of New York personal income tax for the year 1967. Petitioners resided in Washington, D.C. during 1967 and filed a joint nonresident income tax return for that year with the respondent New York State Tax Commission. This proceeding was commenced following their receipt of a notice of deficiency in the amount of taxes paid and respondent's subsequent denial, after a hearing, of their application for a redetermination of that deficiency. It raises for our review the propriety of respondent's method for determining the amount of income petitioner Thomas Debevoise received which was derived from or connected with New York sources as a partner in a New York law firm. Petitioners sought to apportion income from that law firm according to the number of days Thomas Debevoise was actually present and engaged in legal work within this jurisdiction, whereas the respondent attributed this same income to New York sources on the same basis utilized by the law partnership in allocating the distributive share of each partner according to the proportion that partnership net income from sources outside New York bore to partnership net income from all sources. Petitioners complain that respondent's determination failed adequately to consider the appropriateness and equity of their alternate allocation and suggest that the result constitutes an unconstitutional double taxation. We disagree. Petitioners do not attack the apportionment rules contained in section 637 of the Tax Law and they recognize the validity of that statute insofar as it generally prohibits any attribution of a partner's income to foreign sources beyond the formula adopted here by the law firm and respondent (Tax Law,

§ 637, subd [b], par [2]). Instead, they argue that respondent acted arbitrarily in not accepting the method they employed, as it had the discretionary power to do (Tax Law, § 637, subd [d]), given the undisputed facts that Thomas Debevoise undertook most of his efforts in Washington, D.C., and generated more partnership income from clients in that locale than his ultimate distributive share of partnership income reflected. Petitioner's arguments merely present a ground for dispute over the division of law firm profits; they have no impact on the taxability of the distributive share of income from that partnership. Their method of allocation predicated on time spent within this jurisdiction might conceivably have some support if Thomas Debevoise had simply been a Washington practitioner servicing clients here, but it was properly rejected by the respondent for two reasons. There was an insufficient showing that the percentage of time Thomas Debevoise spent in New York had any relation to the distributive share of partnership income he received during the tax year in question. Secondly, it is the portion of that distributive share attributable to New York sources, not the value of his personal services here, which is properly subject to taxation by this jurisdiction (Tax Law, § 632, subd [a], par [1], cl [A]). Having failed to demonstrate that their formula was more appropriate or equitable, or that respondent's method taxed extraterritorial values, petitioners' application for a redetermination was properly denied. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Herlihy and Reynolds, JJ., concur.