■ In the Matter of FAULKNER, DAWKINS & SULLIVAN, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a tax assessment under article 23 of the Tax Law. Petitioner is a securities brokerage firm. It pays to its "registered representatives" a commission of one third of the commission the firm receives from the representative's sales. Mainly for the cosmetic purpose of bestowing more prestige upon these representatives, petitioner admitted them as partners with a nominal (approximately 1%) interest in the profits of the firm. Petitioner continued the same commission arrangements and deducted these payments as salaries on its 1968, 1970, 1971 and 1972 unincorporated business tax returns. Respondent disallowed these deductions and assessed taxes and interest in the amount of $90,591.25. Interest is still accruing. Petitioner challenged the assessments, contending that commissions paid to persons who hold only a nominal partnership with no voice in management should be treated as salaries. Respondent rejected the argument and this proceeding resulted. Section 706 of the Tax Law allows unincorporated businesses to deduct "items of loss and deduction directly connected with or incurred in the conduct of the business, which are allowable for federal income tax purposes for the taxable year". The section then makes provision for specific modifications of this rule. Relevant here is subdivision (3): "No deduction shall be allowed * * * for amounts paid or incurred to a proprietor or partner for services or for use of capital." In our view, the statute leaves little doubt that petitioners were not entitled to deduct the commissions. This is an instance where New York law deviates from the Federal, and New York simply does not allow this unrestricted deduction. (Section 708 of the Tax Law provides a special $5,000 deduction for each partner which petitioner did claim.) Nor can we say that the "representatives" in question were not partners. That they did not have the same percentage of ownership as some of the other partners and thus did not have the same degree of control is of no moment under the statute. Petitioner chose to designate them as partners and even gave them a small proprietary share in the business. Petitioner is held to the tax ramifications of such a decision (cf. *Matter of Ter Bush & Powell v State Tax Comm.,* 58 AD2d 691). Even allowing room for interpretation, respondent's determination was certainly reasonable and should not be disturbed *(Matter of Howard v Wyman,* 28 NY2d 434). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.