■ In the Matter of ROBERT P. KNAPP, JR.,* et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioners' application for a tax refund and sustained notices of deficiency against petitioners. During the tax years 1969 through 1972, petitioner Robert P. Knapp, Jr.,* a resident of Connecticut, was a partner in a law firm whose only office was in New York. Acting on behalf of the firm, he performed various nonlegal services outside of New York for foreign corporations which neither maintained offices nor did any business in New York. Apparently these services could not have been performed satisfactorily in New York, but the fees which they generated were paid directly to the New York firm. Under these circumstances, in computing his New York State taxable income with respect to his distributive share of the partnership income, petitioner excluded therefrom compensation resulting from his workdays outside of New York in the service of the foreign clients. As a result, the Department of Taxation and Finance assessed deficiencies against him for the years 1970 through 1972, and he responded by filing a petition for a refund of income tax allegedly overpaid in 1969 and for a redetermination of the deficiencies. Following a hearing, the State Tax Commission denied his petition and the instant proceeding ensued. We hold that the commission's determination should be confirmed. Pursuant to section 637 (subd [a], par [1]) of the Tax Law, that portion of a nonresident partner's distributive share of a partnership's income which is either derived from or connected with New York sources is subject to the State income tax, and in this instance a sufficient nexus has been demonstrated between New York and the income in question to validate the challenged imposition of the tax. The New York law firm was retained to serve the foreign clients, and in rendering the subject services, petitioner acted as an agent of the firm and not in his individual capacity. Moreover, the fees generated by the services were paid directly to the New York partnership, and petitioner received only his distributive share thereof. Under these circumstances, the tax was imposed in accordance with the above-cited statutory provision, and there was likewise no contravention of the constitutional prohibition against a State's taxing foreign or interstate commerce (see US Const, art I, § 8, cl 3) in view of the substantial connections between the income and the State of New York (see *Shaffer v Carter,* 252 US 37). In conclusion, we also find without merit petitioner's contention that the imposition of the tax denies him the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution. As a partner in the law firm, petitioner's situation is readily distinguishable from that of a salaried corporate employee who works out of State. Similarly, since the firm has only a New York office, petitioner cannot properly analogize his situation to a business with an office in another State or a foreign country (cf. *McMahan v State Tax Comm.,* 45 AD2d 624, mot for lv to app den 36 NY2d 646). Determination confirmed, and petition

---

* Although Robert B. Knapp's wife is also a petitioner herein, reference will be to Mr. Knapp only because the circumstances of his employment create the issue in this case.

dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.