In the Matter of ALFRED R. MCCAULEY, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, April 5, 1979

## APPEARANCES OF COUNSEL

*Graubard, Moskovitz, McGoldrick, Dannett & Horowitz (Jack Weinberg, Allen Greenberg* and *Jay C. Cooke* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Hastings Morse* and *William J. Kogan* of counsel), for respondent.

KANE, J.

Irving Moskovitz and Seymour Graubard were partners in the New York City law firm of "Graubard and Moskovitz". In 1962, they agreed with petitioner to form a law firm in Washington, D. C. to be known as "Graubard, Moskovitz and McCauley". Petitioner did not file any New York State personal income tax returns for the years 1963 through 1970. Respondent took the position that the Washington, D. C. "firm" was actually a branch office of the New York City firm and that petitioner was a nonresident partner of the New York City firm. Accordingly, the Income Tax Bureau issued notices of deficiency against petitioner for personal income taxes for the years 1963 through 1970 which totaled, together with penalties and interest, $46,929.31. Respondent upheld the determination that petitioner was a nonresident partner of the New York City firm, although it did rule that petitioner was entitled to some additional exemptions. Petitioner then sought review of respondent's determination by instituting this article 78 proceeding which was transferred to this court by Special Term.

The judicial function in reviewing determinations of the State Tax Commission is limited and determinations made by that administrative agency should not be disturbed unless shown to be erroneous, arbitrary or capricious (*Matter of Liberman v Gallman,* 41 NY2d 774, 777; *Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 195-196). In the instant proceeding, the record indicates that petitioner was listed as a partner on the tax returns filed by the New York City firm and that he received a share of that firm's profits. Petitioner was listed as a partner on the New York City firm's letterhead. Also, the Washington, D. C. firm never filed any Federal or State partnership returns. Petitioner argues that none of this evidence is legally admissible and thus cannot support an administrative determination under the "legal residuum" rule. Without deciding whether or not any of the evidence supporting respondent's determination is legally admissible, we note that the "legal residuum" rule no longer applies to administrative determinations (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180, n ). Thus, since there are facts in the record which, along with the reasonable inferences which may be drawn therefrom, support the respondent's determination that the Washington, D. C.

operation was merely a branch office of the New York City firm of which petitioner was a nonresident partner, it must be upheld *(Matter of Levin v Gallman,* 42 NY2d 32, 34).

Petitioner also has not demonstrated that his failure to file tax returns was due to reasonable cause (Tax Law, § 685, subd [a], par [1]) and, accordingly, the imposition of penalties by respondent was proper.

However, we believe that the respondent's decision to tax petitioner on the entire amount of compensation he received from the New York City law firm was arbitrary. Since the partnership had two separate offices and the Tax Law requires only that a nonresident partner pay personal income tax on that portion of his distributive share of partnership income which is applicable to New York State (Tax Law, §§ 632, 637; 20 NYCRR Parts 131, 134), the matter should be remitted so that respondent may determine which portion of the partnership income received by petitioner was allocable to New York State sources.

The determination should be annulled, without costs, and the matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.

MAHONEY, P. J., SWEENEY, MAIN and MIKOLL, JJ., concur.

Determination annulled, without costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.