■    In the Matter of MORTON E. YOHALEM et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained a personal income tax assessment against petitioners, imposed under article 22 of the Tax Law for the years 1961, 1962 and 1963. Petitioner, an attorney with offices in Washington, D. C., became a resident partner of the New York law firm of Marshall, Bratter, Greene, Allison & Tucker (Marshall-Bratter), in April, 1959. Prior to this professional affiliation petitioner had accepted a reference from Marshall-Bratter whereby he personally represented foreign corporate clients before the Securities and Exchange Commission in the Nation's capital. Petitioner, during the years 1957, 1958 and part of 1959, billed the foreign clients directly and was paid the sum of $50,000. When these legal matters were concluded in late 1959 petitioner and representatives of the foreign clients agreed on a total fee for legal services in the amount of $135,000, leaving $85,000 to be paid. In early 1960, after petitioner had become a partner of Marshall-Bratter, petitioner was paid personally the balance due. The checks representing the final $85,000 payment were deposited by petitioner with Marshall-Bratter on April 11, 1960. Sometime later the New York law firm paid petitioner $45,000 and retained the balance. When petitioner filed his New York State nonresident income tax return for 1961, he listed total receipts from his law practice in the amount of $95,233.46. On Schedule C of his Federal return, the afore-mentioned sum was apportioned by attributing $26,883.46 to his private Washington practice and $68,350 from Marshall-Bratter. In 1962, petitioner's nonresident State return listed income in the sum of $68,551.20 and Schedule C of his Federal return apportioned $55,051.20 to private practice and $13,500 to the New York firm. In 1963, petitioner apportioned gross legal income of $41,999.29 so as to credit $22,874.29 to his individual practice and $19,125 to the legal partnership. Respondent, on March 15, 1965, October 5, 1964 and January 30, 1967, issued statements of audit changes supportive of notices of deficiency against petitioner for the years 1961, 1962 and 1963, respectively, imposing additional aggregate income tax with interest in the sum of $10,766.52 upon the ground that the distributive share of partnership income to petitioner was not considered to be subject to allocation. After a hearing, respondent upheld the original determination. This transferred CPLR article 78 proceeding ensued. Pursuant to section 632 of the Tax Law, a nonresident must include in his New York adjusted gross income any income which represents a distributive share of partnership income as determined under section 637 of the Tax Law. At an evidentiary hearing before respondent on this matter, "petitioner has the burden of proving the deficiency assessment improper (Tax Law, § 689, subd [e]), and if there are any facts or reasonable inferences from the facts to support the [respondent's] determination, the assessment should be confirmed" (Matter of Levin v Gallman, 42 NY2d 32, 34; Matter of Grace v New York State Tax Comm., 37 NY2d 193, 195-196). A review of the facts herein, particularly respondent's own finding of facts, convinces us that the $45,000 paid to petitioner as his share of the final payment by the foreign clients for legal services rendered by petitioner was not a distributive share of the New York law firm's profits, but, rather, represented work petitioner had done as a sole practitioner. Under respondent's own findings of fact, petitioner was not a partner when he began the work for the foreign clients. In fact, most of the legal services were rendered prior to petitioner joining the New York firm. While it is true that pe-

titioner listed the $45,000 on his Federal return as partnership income, and that he was listed as a partner in the law firm's stationery and on the door of his own law office (see *Matter of Blasky v State Tax Comm.,* 69 AD2d 940), such indicia are only useful as tools of construction and should not be given the impact of law where, as here, there is uncontradicted proof that the services which generated the income had been rendered by petitioner in his capacity as a sole practitioner rather than as a partner. Petitioner's argument that compensation, other than the $45,000 he received from the law firm for the years in question, was not distributive income must be rejected. We recently held that section 637 (subd [a], par [1]) "requires that payments to a partner for services must be included in a partner's distributive share of partnership income" *(Matter of Jablin v State Tax Comm.,* 65 AD2d 891, 892). Additionally, this court has stated that where a tax is properly imposed under paragraph (1) the taxpayer's rights under the due process and commerce clauses have not been violated *(Matter of Knapp v State Tax Comm.,* 67 AD2d 1024; cf. *Moorman Mfg. Co. v Bair,* 437 US 267). Thus, petitioner's claim that his rights under these clauses have been violated is without merit. We also conclude that those portions of income that petitioner received, other than the $45,000, as his distributive share of partnership income must be allocated between New York and Washington, D. C. Petitioner, as a partner, represented clients of the New York firm, other than the foreign clients, in Washington, D. C. Accordingly, the New York firm, through petitioner, maintained an office in Washington where its affairs were systematically and regularly carried on. We have held that where a New York firm has offices outside New York, a nonresident partner's partnership income must be apportioned *(Matter of McCauley v State Tax Comm.,* 67 AD2d 51; cf. *Matter of Knapp v State Tax Comm., supra;* cf. 20 NYCRR 131.13). Determination annulled, with costs, and the matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.