In the Matter of PETRIE STORES CORPORATION, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the New York State Tax Commission, Respondents.

Third Department, May 21, 1981

**APPEARANCES OF COUNSEL**

*Ira J. Palestin* for petitioner.

*Robert Abrams, Attorney-General (Francis V. Dow, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for respondents.

**OPINION OF THE COURT**

CASEY, J.

Petitioner is the parent corporation of some 300 wholly

owned subsidiaries, each of which operates a retail apparel store. Petitioner directs the purchasing and merchandising activities for its subsidiaries and also provides general administrative services, including bookkeeping, accounting and legal services. In 1953, petitioner, then known as Red Robin Stores, Inc., applied for revisions of its franchise taxes under article 9-A of the Tax Law for certain periods. Following a conference, petitioner and the respondent State Tax Commission agreed that petitioner's entire net income subject to franchise tax for those periods would include 5% of the service fees charged by petitioner to its subsidiaries, and petitioner withdrew its application for revisions. The agreement is set forth in a letter dated December 28, 1953, and thereafter through 1968, petitioner reported its entire net income for franchise tax purposes using the formula contained in the agreement, without objection from respondent.

The Internal Revenue Service conducted an audit of petitioner's Federal corporate income tax returns for the fiscal years ending January 31, 1967 and January 31, 1968. In March of 1973, petitioner entered into a closing agreement with the Internal Revenue Service covering those fiscal years whereby petitioner's income was increased by an amount equal to 2% of its subsidiaries' sales, and the subsidiaries' incomes were decreased accordingly. This reallocation of income was done pursuant to section 482 of the Internal Revenue Code, and petitioner continued to report its income on its Federal returns for subsequent fiscal years in accordance with the terms of the closing agreement.

For the fiscal year ending January 31, 1969, the entire net income reported by petitioner in its New York State franchise tax report was that reported on its Federal income tax return, calculated in accordance with the formula contained in the Federal closing agreement, resulting in a substantially larger figure than would have resulted under the formula provided for in the 1953 agreement with respondent. In its reports for the fiscal years ending January 31, 1970 and January 31, 1971, petitioner reverted to the use of the formula provided in the 1953 agreement to calculate its entire net income for State franchise tax purposes. Following a field audit, the State Corporation Tax Bureau is-

sued notices of deficiency to petitioner for franchise taxes due for the fiscal years ending January 31, 1969, 1970 and 1971.

Petitioner's application for a redetermination and for a refund of franchise taxes for the fiscal year ending January 31, 1969, allegedly overpaid as the result of a mistake in calculating the entire net income, was denied by respondent and the notices of deficiency were sustained. Respondent concluded that petitioner had accurately reported its entire net income for the fiscal year ending January 31, 1969 and that for the fiscal years ending January 31, 1970 and 1971 petitioner was required to use the figure from its Federal income tax returns in reporting its entire net income for State franchise tax purposes.

Initially, we find no merit in petitioner's contention that the 1953 agreement between it and respondent was some type of ruling by which respondent was bound and which respondent could not alter retroactively. While petitioner's claim that a State Tax Commission ruling cannot be changed retroactively may have some merit (see *Matter of National Elevator Ind. v New York State Tax Comm.*, 49 NY2d 538; cf. State Administrative Procedure Act, § 204; 20 NYCRR 900.2 [c]), we find that the 1953 agreement does not contain such a ruling. Rather, it is an agreement, pursuant to subdivision 18 of section 171 of the Tax Law, settling a dispute between petitioner and respondent relating to petitioner's franchise tax liability for certain periods specifically referred to in the letter. As provided by the statute, the agreement is binding only as to the matters actually agreed upon—in this case, the amount of income subject to franchise tax during part of 1944, and 1945 through 1951. There is nothing in the agreement to indicate that it was to have any prospective effect, and the fact that petitioner reported income for subsequent years using the formula contained in the 1953 agreement, without objection from respondent, cannot convert the agreement into a ruling.

The remainder of petitioner's arguments appear to be aimed at establishing that respondent's determination requiring petitioner to use, in its franchise tax reports for the years at issue, the income reported in its Federal income

tax return, as adjusted in accordance with the agreement with the Internal Revenue Service, is arbitrary and capricious. We find these arguments unpersuasive.

Pursuant to subdivision 9 of section 208 of the Tax Law, "[t]he term 'entire net income' means total net income from all sources, which shall be presumably the same as the entire taxable income which the taxpayer is required to report to the United States treasury department", subject to certain possible modifications. In light of this statutory authority, respondent's decision to require petitioner to use the Federal figures in reporting entire net income for State franchise tax purposes is not arbitrary and capricious, despite the fact that for many years prior to the fiscal year ending January 31, 1969 the entire net income reported by petitioner differed from the Federal figure. As noted above, respondent was not bound by the agreement in the 1953 letter, and, as conceded by petitioner, estoppel does not apply here (see *Matter of Turner Constr. Co. v State Tax Comm.*, 57 AD2d 201). Moreover, petitioner does not contend that the Federal figure is erroneous.

Petitioner's contention that respondent failed to pass on certain issues raised by petitioner is not supported by the record. Specifically, as to petitioner's claim that it overpaid franchise taxes for the fiscal year ending January 31, 1969, due to a mistake in reporting its entire net income, respondent found that the report filed by petitioner for that year "accurately reflected the 'entire net income' of [petitioner] * * * in accordance with the meaning and intent of * * * the Tax Law." Similarly, on the retroactive change issue, respondent expressly ruled that the 1953 letter was "not final and conclusive", although its basis for that finding differs from that used by us in reaching the same result.

Having concluded that respondent was not bound by the 1953 agreement and that its decision to require petitioner's use of its Federal income tax figure in reporting entire net income was authorized by statute, we find nothing in petitioner's arguments to support its claim that the determination should be annulled.

The determination should be confirmed, and the petition dismissed, without costs.

MAIN, J. P., MIKOLL, YESAWICH, JR., and WEISS, JJ., concur.

Determination confirmed, and petition dismissed, without costs.