In the Matter of DONALD E. WARD et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained notices of deficiency for personal income taxes pursuant to article 22 of the Tax Law. Petitioners are five nonresident members of a law firm practicing in both New York City and Washington, D.C., and four of their spouses. They seek annulment of a determination made after a consolidated small claims hearing which upheld notices of deficiency and additional assessments of their 1974 and 1975 New York State nonresident income tax returns. The sole issue in this transferred CPLR article 78 proceeding is whether respondent's application of a three-factor method of allocating petitioner's share of partnership income (20 NYCRR 131.13 [b], now 20 NYCRR 131.15 [c]-[f]) rather than use of the direct accounting method (alternate allocation formula) should be annulled as arbitrary and capricious and not supported by substantial evidence. The law firm specializes in Federal Communications Commission matters in both its New York and Washington offices. Although the New York City office with two partners is smaller than the Washington office with five partners, the New York City rent is much greater. As a result, in computing the percentage of partnership income allocable to New York State, petitioners used an alternative method comprised of two factors, i.e., gross income percentage and payroll percentage, contending that the property percentage factor would yield an inequitable allocation which would not accurately reflect the location where the partnership income was earned because of the higher office rent paid for the smaller New York City office. Because prior approval to use of this alternative method had not been obtained (Tax Law, § 707, subd [b]; 20 NYCRR 131.13 [c], now 20 NYCRR 131.15 [d] [3]), and the direct accounting method used did not produce a fair and equitable apportionment of net income and loss, respondent rejected its use upon authority of subdivision (c) of section 632 of the Tax Law, 20 NYCRR 131.13 (now 20 NYCRR 131.15) and *Matter of Piper, Jaffray & Hopwood v State Tax Comm.* (42 AD2d 381). Judicial review of determinations of the Tax Commission is limited and requires confirmation if any facts or reasonable inferences from the facts support the determination (*Matter of Levin v Gallman,* 42 NY2d 32, 34), and unless shown to be erroneous, arbitrary or capricious (*Matter of Liberman v Gallman,* 41 NY2d 774; *Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 195-196, mot for rearg den 37 NY2d 816). The governing principles hold that the direct accounting method is preferable and "is to be utilized unless the taxpayer's books do not adequately separate out New York income and expenses" (*Matter of Piper, Jaffray & Hopwood v State Tax Comm., supra,* p 382). However, while the Tax Commission need not apply the direct accounting method where it does not result in a "fair and equitable" allocation of income and expense (see *Matter of Bradford & Co. v State Tax Comm.,* 62 AD2d 69, 73; see, also, 20 NYCRR 131.23), it may not arbitrarily reject a direct accounting method utilized by a taxpayer on its tax return (see *Matter of Thompson v Mealey,* 290 NY 230) or where prior

approval for use of that method has been granted (see 20 NYCRR 131.15 [b]). The burden of proof is upon a taxpayer seeking to overturn a deficiency assessment (Tax Law, § 689, subd [e]). These principles in mind, examination of the record shows that there must be a confirmance. It is clear that petitioners neither sought nor were granted prior approval to use the direct accounting method on their tax returns, nor did their books and records fairly and equitably allocate the correct amount of income and expenses attributable solely to New York. The regulations provide that when the books and records do not disclose *to the satisfaction of the Tax Commission* the appropriate proportion of business allocable to New York State, the three-factor method must be used (20 NYCRR 131.13 [b], now 20 NYCRR 131.15 [c]). In their computations, petitioners employed only two factors in their alternative method of allocating New York income, i.e., the percentage of payroll in New York and the percentage of gross income generated in New York. They omitted the property expense percentage, claiming that New York office rent was higher than that in Washington even though the New York office was smaller in size. Respondent, using all three factors, computed a higher percentage of net income attributable to New York. Therefore, petitioners' books and records did not disclose to respondent's satisfaction the appropriate proportion of New York net income as required, and the three-factor method had to be used (20 NCYRR 131.13 [b], now 20 NYCRR 131.15 [c]). The statute placed the burden upon petitioners to prove respondent erred and that the three-factor method is inequitable (Tax Law, § 689, subd [e]; see *Matter of Conde Nast Pub. v State Tax Comm.,* 51 AD2d 17, 19, mot to dismiss app granted 39 NY2d 942). There is no burden of proof upon respondent to justify its decision to reject the modified direct accounting method used by petitioners. Moreover, other factors militate against acceptance of petitioner's direct accounting method and support respondent's rejection of that method. The testimony at the hearing shows that certain expenses were not from an actual allocation on the books but were estimated based upon an approximation of income. Moreover, attorneys frequently interchanged use of offices for work without accurate allocation of income therefor. In addition, certain overhead expenses were not actual figures, but rather estimated for allocation. Finally, petitioners' argument that use of the three-factor formula here is unconstitutional must fail. That method has become "something of a benchmark against which other apportionment formulas are judged" (*Container Corp. v Franchise Tax Bd.,* 463 US __, 103 S Ct 2933, 2943). Petitioners have not demonstrated that the New York income allocation was out of proportion to the business transacted in this State (see *Container Corp. v Franchise Tax Bd., supra,* pp __, 2948). Petitioners have also not sustained their burden of proving constitutional infringements (see *Matter of Conde Nast Pub. v State Tax Comm., supra*). Determination confirmed, and petition dismissed, with costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.