■ In the Matter of B. JOSEPH CHECHO, Petitioner, v STATE TAX COMMISSION, Respondent. — Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which partially sustained personal income tax and unincorporated business tax assessments imposed under Tax Law articles 22 and 23.

In 1976, the Department of Taxation and Finance issued a statement of audit changes against petitioner finding additional personal income taxes and unincorporated business taxes due for the years 1972, 1973 and 1974. Fraud penalties pursuant to Tax Law § 685 (e) were also imposed. Consequently, a notice of deficiency for the above years was issued in the amount of $47,237.26. Petitioner applied for a redetermination and, in due course, a hearing was held.

At the hearing, it was revealed that during the period in question, petitioner operated a golf course and banquet house, was a stockholder in Midville Research, Inc., and maintained a business partnership with his brother. Furthermore, petitioner's rental properties included a Kentucky Fried Chicken franchise. Saveris J. Cernuto, a senior tax examiner for the Department who conducted the audit of petitioner, testified that the audit was performed by the "net worth" method. Cernuto testified that it was necessary to utilize the net worth method because petitioner had "a big cash business" whose income was not accurately reflected in his books and records.

According to Cernuto, during the audit period, petitioner made several land purchases and incurred indebtedness which went beyond his apparent financial capability, based upon the income reported on his tax returns. At the hearing, it was also revealed that, after a conference with petitioner concerning the sources of his income, the Department conceded that it erred in its 1972 computations by $19,600, in its 1973 computations by $16,545 and in its 1974 computations by $11,300. The Department also dropped its claim with respect to fraud.

In due course, respondent rendered a determination modifying the notice of deficiency by incorporating the above-mentioned concessions made by the Department. The instant CPLR article 78 proceeding ensued and was transferred to this court. By decision dated March 1, 1984, we withheld determination and remitted the matter to respondent for further development of the record since, from the record submitted to this court, we were unable to "determine what, if any, errors currently asserted by petitioner in this proceeding were conceded by the department and included in the adjustments made" (100 AD2d 654). Further proceedings were accordingly held. Therein, the conceded errors were detailed. The proceeding is now back before this court.

Initially, under the circumstances presented here, we find no error in the utilization of a net worth audit (*cf. Holland v United States,* 348 US 121, 131-132). Next, a careful review of the record supports respondent's determination that petitioner failed to sustain his burden of establishing error in the adjusted taxable income figures (*see,* Tax Law § 689 [e]; *Matter of Ward v New York State Tax Commn.,* 97 AD2d 640, 641; *Matter of Golden v State Tax Commn.,* 90 AD2d 941). We have reviewed petitioner's remaining contentions and find them lacking in merit.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.