■ In the Matter of RUSSELL T. WEIL et al., Petitioners, v

RODERICK G. W. CHU et al., Constituting the State Tax Commission, Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained personal income tax assessments imposed under Tax Law article 22.

Petitioners* Russell T. Weil, Stuart S. Dye, Robert J. Hickey and Ronald A. Capone are attorneys in the Washington, D.C., office of the law firm of Kirlin, Campbell & Keating (hereinafter the law firm), which also has an office in New York City. Petitioners commenced this CPLR article 78 proceeding to review a determination of the State Tax Commission which sustained several notices of deficiency issued to petitioners for New York State personal income taxes and New York City nonresident earnings taxes for the years 1976 through 1979. The deficiencies were issued on the basis that a portion of petitioners' distributive shares of partnership income from the law firm were derived from or connected with New York State and were therefore taxable.

Several years prior to issuing the notices of deficiency which are at issue in the instant case, the Tax Commission had considered the tax liability of the partners at the law firm's Washington office. After a conference held regarding deficiencies asserted in 1971 against Capone, then Deputy Commissioner John Donovan advised Capone that he was not liable for taxes for the years 1967 through 1971. The apparent basis for this decision was the fact that the income of the law firm's Washington office exceeded the costs of operating the office and Capone's share of partnership income, resulting in a net flow of income into the New York office of the partnership and, therefore, tax revenue to New York State. Petitioners contended that the method used by them for reporting partnership income had been approved by Donovan in 1972, but the Audit Division of the Department of Taxation and Finance rejected this argument and issued the notices of deficiency.

A hearing was held in 1981 after petitioners filed petitions for redetermination of the notices of deficiency. In 1984, the Tax Commission rendered a decision holding that petitioners were taxable upon the portion of their distributive share of partnership income which was attributable to the partner-

---

* The spouses of these petitioners are also named as petitioners but, since they are not otherwise relevant to this proceeding, they will not be referred to again.

ship's activities in New York pursuant to Tax Law § 637 (a) (1). The Tax Commission also ruled that petitioners were not entitled to use an alternative method for allocating that portion attributable to New York. Petitioners thereafter commenced separate CPLR article 78 proceedings to vacate and set aside the Tax Commission's decision. Special Term consolidated the proceedings into the instant proceeding and transferred it to this court.

The determination of the Tax Commission should be confirmed. Petitioners have failed to meet their burden of showing that the Tax Commission's method of allocating New York source income was improper or that petitioners' method was more appropriate or equitable. The application of New York State income taxes to petitioners is not unconstitutional.

Petitioners' contention that none of their income was derived from or connected with New York and that, therefore, they are not liable for New York State income tax pursuant to Tax Law § 601 (b), § 632 (a) (1) and § 637 is not persuasive. Petitioners' assert that they have never practiced law or been authorized to practice law in New York, that they have practiced law exclusively in Washington and that almost all of their clients and fees were generated in Washington. They also claim that the "source" of a taxpayer's income is the place where the services were actually performed.

Although the Tax Commission adopted most of petitioners' allegations as to the nature of the law firm's Washington law practice in its findings of fact, it nevertheless rejected petitioners' conclusion that none of their income was derived or connected with New York. The Tax Commission employed the "direct accounting" method of allocating income, which is the preferred method of allocating New York income (see, Matter of Ward v New York State Tax Commn., 97 AD2d 640; Matter of Bradford & Co. v State Tax Commn., 62 AD2d 69; see also, 20 NYCRR 131.15 [b]). The allocation method was based on information the law firm had submitted to tax authorities, which indicated that the law firm kept separate accounts of the income and expenses of each of its offices. The Tax Commission here, as it did in Matter of Debevoise v State Tax Commn. (52 AD2d 1023), allocated petitioners' income according to the proportion that partnership net income from sources outside New York bore to partnership net income from all sources. The record demonstrates that petitioners are members of a partnership which derives most of its income from New York.

The burden is on petitioners to prove that the Tax Commis-

sion's deficiency assessment was improper (Tax Law § 689 [e]; *Matter of Yohalem v State Tax Commn.*, 70 AD2d 996). They have not done so. As the decision of the Tax Commission is not arbitrary or capricious and is supported by substantial evidence, it must be confirmed *(see, Matter of Blasky v State Tax Commn.*, 69 AD2d 940).

Petitioners' argument that the method they used to determine their New York source income was in accord with the agreement reached in 1972 with then Deputy Commissioner Donovan and, therefore, using that alternative method, they are not liable for any New York tax, is rejected. There is no indication that the Tax Commission was prospectively bound by Donovan's decision. His letter at the time clearly stated that the Tax Commission reserved the right to change the method of allocating partnership income in future years. Thus, petitioners' belief that the Donovan decision would not be revoked in future years was not warranted by the facts. Petitioners' claim that the Tax Commission should be estopped from revoking the Donovan ruling in this case must also be rejected. Estoppel is generally not employable against the State or a government subdivision, particularly where the Tax Commission is involved *(see, Matter of Turner Constr. Co. v State Tax Commn.*, 57 AD2d 201, 203; *cf. Matter of Petrie Stores Corp. v Tully*, 80 AD2d 328, 330).

Petitioners' contention that application of the tax violates the due process clauses of both the State and Federal Constitutions (US Const 14th Amend; NY Const, art I, § 6), on the basis that there is no appreciable connection between petitioners and New York, is without merit. The connection is significant. Petitioners are partners in a law firm that maintains a considerable permanent practice in New York. Thus, there is a sufficient nexus between their income and New York to validate the tax in question *(see, Matter of Knapp v State Tax Commn.*, 67 AD2d 1024).

Petitioners' claim that the imposition of the tax violates the commerce clause of the Federal Constitution (US Const, art I, § 8) also lacks merit. Their entire argument is based on the assertion that they worked only in the firm's Washington office, ignoring the fact that the partnership also practiced in New York. The requirements necessary to pass constitutional muster are set out in the decision in *Complete Auto Tr. v Brady* (430 US 274), and they are met in this case *(see, Metropolitan Package Store Assn. v Koch*, 89 AD2d 317, 323, *appeal dismissed* 58 NY2d 1112, *appeal dismissed* 464 US 802). There is a sufficient nexus to New York. The tax does

not discriminate against interstate commerce since only that portion of petitioners' income which represents partnership earnings in New York is taxed. The tax is fairly apportioned since it is only levied on the percentage of the law firm's income that was earned in New York. And, lastly, the tax is fairly related to services provided by New York (see, *Matter of Knapp v State Tax Commn., supra*).

We reject petitioners' argument that the imposition of the tax in this case would violate the privileges and immunities clause (US Const, art IV, § 2; 14th Amend), in that New York residents are granted a credit against their New York taxes for any income tax paid to other jurisdictions but nonresidents subject to New York income taxes are denied a comparable credit (see, Tax Law §§ 620, 635). Tax Law § 620 (a) applies only to non-New York income. Petitioners' income which is taxed is New York income. They are not being denied any benefit which inures to New York residents. New York residents are taxable on New York income by virtue of their residency in New York. Non-New Yorkers, however, are not taxed on non-New York income.

Petitioners' assertion that the taxing of their income violates their right to equal protection, since they as a group are being treated less favorably than others under similar circumstances (US Const 14th Amend; NY Const, art I, § 11), is not persuasive. Petitioners, as partners in a law firm with its main office in New York, are carrying on a profession in this State (see, Tax Law § 632 [b] [1] [B]). This is not true of employees of the Washington office or of out-of-State attorneys who are not members of a New York law firm. Thus, petitioners are not treated less favorably than others in similar circumstances.

Finally, the argument that, in any event, petitioners Hickey and Dye are exempt from the tax in question since they were employees of the law firm rather than partners, also lacks merit. It is argued that they were "junior partners" and that junior partners were not true partners, but employees. However, the Tax Commission found that Hickey and Dye were partners for tax purposes. This finding is supported by substantial evidence. A partnership is defined as "an association of two or more persons to carry on as co-owners a business for profit" (Partnership Law § 10 [1]). In determining the existence of a partnership, "[t]he receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business" (Partnership Law § 11 [4]).

In the instant case, it is clear that junior partners received

a share of the profits, albeit a small share, in addition to their salary. Junior partners were also subject to liability for law firm losses, a significant element of a partnership *(see, Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317, *appeal dismissed* 358 US 39). Hickey and Dye also chose to hold themselves out as partners and, having done so in circumstances such as these, can be required to accept the tax consequences of their decision *(see, Matter of Weinflash v Tully,* 93 AD2d 369, 373; *Matter of Faulkner, Dawkins & Sullivan v State Tax Commn.,* 63 AD2d 764). Thus, Hickey and Dye were properly held subject to the tax as nonresident partners of the firm *(see,* Tax Law § 637 [a] [1]).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.