■ In the Matter of GORDON B. SPIVAK et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a personal income tax assessment imposed under Tax Law article 22.

The sole issue presented on this appeal is whether a nonresident partner in a New York City law firm may allocate on his New York State personal income tax return to non-New York sources a greater proportion of his distributive share of income from the partnership than the partnership itself allocates to sources outside New York State. Petitioner, a Connecticut resident, was a partner in the law firm of Lord, Day & Lord, which had offices only in New York City. His expertise was antitrust law, which he practiced on a national basis. Over 40% of the fees collected in 1980, for which the partnership gave petitioner credit on his distributive share, were for work performed outside New York State for nonresident clients. Although the partnership made no allocation of its income to non-New York State sources, petitioner allocated 40% of his 1980 partnership income to non-New York State sources. Following an audit, which disallowed petitioner's allocation of income and determined that his entire distributive share was taxable, a deficiency was assessed (see, Tax Law § 637 [b] [2]). Respondent sustained the deficiency assessment after a hearing, giving rise to this CPLR article 78 proceeding.

Petitioner, in his brief, recognizes that Tax Law § 637 (b) (2) effectively invalidates for State income tax purposes a part-

ner's allocation of income that varies from the allocation utilized by the general partnership. Hence, petitioner's allocation of 40% of his distributive share of partnership income from Lord, Day & Lord to non-New York State sources was impermissible since the partnership reported *all* of its income as derived from New York State sources. Petitioner could not unilaterally make a different allocation *(see, Matter of Weil v Chu,* 120 AD2d 781, 783, *affd* 70 NY2d 783; *Matter of Scobey v New York State Tax Commn.,* 95 AD2d 905; *Matter of Debevoise v State Tax Commn.,* 52 AD2d 1023; *see also, Matter of Faulkner, Dawkins & Sullivan v State Tax Commn.,* 63 AD2d 764).

The crux of petitioner's argument is that respondent arbitrarily failed to consider his alternative allocation pursuant to Tax Law § 637 (d). That subdivision provides that "[t]he tax commission may, *on application,* authorize the use of such other methods of determining a nonresident partner's portion of partnership items derived from * * * New York sources * * * as may be appropriate and equitable, on such terms and conditions as it may require" (Tax Law § 637 [d] [emphasis supplied]). Here, since petitioner failed to demonstrate that an application was made pursuant to Tax Law § 637 (d) for authorization to utilize an alternate allocation method, he was ineligible for such relief *(compare, Matter of Ward v New York State Tax Commn.,* 97 AD2d 640). Therefore, it was not arbitrary for respondent to disallow petitioner's alternative allocation formula.

In sum, respondent's determination is rational and supported by substantial evidence; therefore, it must be confirmed *(see, Matter of Weil v Chu, supra,* at 784).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.