STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-06-63,
AP-06-64, AP-06-65, and
AP-06-66

JOHN M. SULLIVAN, et al.,[1]

Petitioners

v.                                          DECISION AND ORDER

STATE TAX ASSESSOR

Respondent

Before the court are cross-motions for summary judgment[2] on petitioners' M.R. Civ. P. 80C petition for judicial review challenging an assessment of income tax, interest, and penalties by the State Tax Assessor (Assessor). For the following reasons, the petitioners' motion is granted in part and denied in part.

FACTS

The issue in this case stems from a dispute regarding Maine income tax treatment of non-resident members of the law firm Preti, Flaherty, Beliveau, Pachios & Haley, LLC[3] (Preti). Between 1/1/01 and 12/31/03, Preti was a limited liability company[4] organized and existing under Maine law. (PSMF ¶ 1.) During that period, Preti maintained offices in Portland, Augusta, and Bath, Maine. (PSMF ¶ 7.) Effective 3/1/01, Preti opened an office in Concord, New Hampshire (the Concord Office), and

---

[1] The petitioners in this case are Christopher P. Reid (AP-06-66), John M. Sullivan and Rhoda M. Sullivan (AP-06-63), Daniel P. Luker and Karen A. Slick (AP-04-64), and Simon C. Leeming and Alice Leeming (AP-06-65). Pursuant to court order, petitioners' respective actions were consolidated.

[2] Petitioners filed their motion on April 22, 2008. The State Tax Assessor (the Assessor) filed his motion on April 23, 2008. Additionally, the Assessor filed a Motion to Exclude expert testimony on April 23, 2008.

[3] The firm is now known as Preti, Flaherty, Beliveau and Pachios, LLP. (PSMF ¶ 1.)

[4] For Maine income tax purposes, the Preti was treated as a partnership during the tax years in question. See 36 M.R.S § 5180(1).

continued to maintain the office through 12/31/03. (PSMF ¶ 8-9.) The Concord Office and Preti's Maine offices were centrally managed and run by the Preti, and all clients, including clients serviced out of the Concord Office, were clients of Preti. (RSMF ¶ 10-17.)

During the period between 1/1/01 and 12/31/03, Preti distinguished between two types of members: equity members and non-equity members. (PSMF ¶ 3.) Although both classes of members were members of the LLC, the two classes were compensated in accordance with different formulas. (PSMF ¶ 4-6.) During the years at issue, the allocation of profits, losses, and distributions to all members were governed by an operating agreement. (RSMF ¶ 31.) All members received distributions, as opposed to wages, from Preti. (RSMF ¶ 32.) These distributions are the income at issue in this appeal. (RSMF ¶ 33.)

In January 2001, Christopher P. Reid, an attorney residing in Dover, New Hampshire, joined Preti as a non-equity member. (PSMF ¶¶ 10, 14, 18.) Until he left the firm in April 2003, Mr. Reid practiced law out of the Concord Office.[5] (PSMF ¶ 22.) In May 2002, John M. Sullivan, an attorney residing with his wife, Rhoda M. Sullivan, in Concord, New Hampshire, and Daniel P. Luker, an attorney residing with his wife, Karen A. Slick, in Concord, New Hampshire, joined Preti as equity members. (PSMF ¶ 11-12, 15-16, 19-20.) Also at that time, Simon C. Leeming, an attorney residing with his wife, Alice Leeming, in Canterbury, New Hampshire, joined Preti as a non-equity member. (PSMF ¶ 13, 17, 21.) From the time they joined Preti through 12/31/03,

---

[5] The parties' dispute regarding whether Mr. Reid and the other petitioners were "engaged exclusively in the practice of law" is largely a game of semantics. Although the court understands the parties' reasons for contesting this issue, factually, there is no dispute that the petitioners were equity and non-equity members of Preti, engaging in the practice of law. (PSMF ¶¶ 22-25; ROSMF ¶¶ 22-25.)

Messrs. Sullivan, Luker, and Leeming practiced law out of the Concord Office. (PSMF ¶ 23-25.)

Between the time they joined Preti and 12/31/03, Messrs. Reed, Sullivan, Luker, and Leeming (collectively, "petitioners") made only occasional visits to Preti's Maine offices.[6] The petitioners spent a small fraction of their practices working on behalf of Maine-based clients.[7] (PSMF ¶ 30-32, 34-36, 38-40, 42-44.)

In 2005, Maine Revenue Services (MRS) requested that Mr. Reid file Maine non-resident income tax returns for the 2001 and 2002 tax years. (PSMF ¶ 46.) MSRS made similar requests to Messrs. Sullivan, Luker, and Leeming for the 2002 and 2003 tax years. (PSMF ¶ 47.) In December 2005, the petitioners[8] filed Maine non-resident income tax returns as requested. (PSMF ¶¶ 48, 50, 52, 54.) In their respective returns, the petitioners did not apportion any of the distributions they received from Preti to Maine, as Maine-source income. (PSMF ¶¶ 49, 51, 53, 55.)

Pursuant to an audit, MRS auditors revised the petitioners' returns to reflect Maine-source income. (PSMF ¶ 56, 58, 60, 62.) To calculate the petitioners' Maine-source income, the MRS multiplied the LLC distribution payments the petitioners received from Preti by the Maine apportionment percentages[9] reported in Preti's Maine LLC information returns for the corresponding years. (PSMF ¶¶ 57, 59, 61, 63; ROSMF ¶¶ 57, 59, 61, 63.) After the Maine-source income was determined, a non-resident tax

[6] Mr. Reid made approximately six to eight trips per year; Mr. Sullivan made approximately eight trips per year; Mr. Luker made a total of approximately five trips during that period; and Mr. Leeming made approximately two to three trips per year. (PSMF ¶¶ 33, 37, 41, 43.)
[7] A "Maine-based client" is one organized under Maine law, having a Maine billing address, or both. (PSMF ¶ 31.)
[8] Messrs. Sullivan, Luker, and Leeming filed joint returns with their wives. (PSMF ¶¶ 11-13, 50, 52, 54.)
[9] In 2001, Preti apportioned 98.6139% of its income to Maine; in 2002, it apportioned 94.1306% of its income to Maine; and in 2003, it apportioned 92.0571% of its income to Maine. (PSMF ¶ 26-28.)

credit was determined and applied.[10] (Id.) Based upon the recalculation of the petitioners' Maine-source income, MRS issued Notices of Assessment assessing income taxes, interest, and penalties against Mr. Reid for 2001 and 2002, and against the Sullivans, Lukers, and Leemings for 2002 and 2003. On 1/8/06, the Assessor denied the petitioners' requests for reconsideration. (PSMF ¶ 73.) Subsequently, the petitioners' filed timely petitions for judicial review.

## STANDARD OF REVIEW

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); see also Levine v. R.B.K. Caly Corp., 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." Parrish v. Wright, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." Burdzel v. Sobus, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. Reliance Nat'l Indem. v. Knowles Indus. Servs., Corp., 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." Lightfoot v. Sch. Admin. Dist. No. 35, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

In reviewing final determinations of the State Tax Assessor, the Superior Court reviews the case

in accordance with the Maine Administrative Procedures Act, except that
Title 5, sections 1106 [power of the court to modify the record] and 1107

---

[10] MRS did not recalculate any portion of the incomes of Rhoda M. Sullivan, Karen A. Slick, or Alice Leeming as Maine-source income. (PSMF ¶ 72.)

[manner and scope of review] do not apply. The Superior Court shall conduct a de novo hearing and make a de novo determination of the merits of the case. Either the taxpayer or the assessor may raise on appeal in Superior Court any facts, arguments or issues that relate to the assessor's decision on reconsideration, regardless of whether the facts, arguments or issues were raised during the reconsideration proceeding being appealed, provided that the facts, arguments or issues are not barred by any other provision of law. The court shall make its own determination as to all questions of fact or law, regardless of whether the questions of fact or law were raised during the reconsideration proceeding. The Superior Court shall enter such orders and decrees as the case may require. The burden of proof is on the taxpayer.

36 M.R.S. § 151 (2008). See also Foster v. State Tax Assessor, 1998 ME 205, ¶ 7, 716 A.2d 1012, 1024.

## DISCUSSION

Maine imposes a tax on the adjusted gross income of every nonresident individual. 36 M.R.S. § 5111(4). For nonresidents, "Maine adjusted gross income" is the net amount of income included in federal adjusted gross income that is derived from or connected to sources in Maine. Id. §§ 5102(1-C)(B), 5142; see, e.g., Barney v. State Tax Assessor, 490 A.2d 223, 225 (Me. 1985) (noting that nonresidents are "only required to pay tax to Maine on the portion of their income earned in Maine"). Section 5142(1) prescribes particular "items of income" that must be included as part of a nonresident individual's Maine adjusted gross income. Particularly relevant to this case, section 5142(1)(A) identifies an "individual's distributive share of partnership or limited liability company income" as an item of income to be included in the Maine adjusted gross income of a nonresident. See also 36 M.R.S. § 5142(2) (items of income "derived from or connected with sources within this State" include those items attributable to a business carried on in this state); 18-125 CMR 806.01[11] ("Nonresident partners of a

---

[11] This provision has been amended since the conclusion of the tax years in question. Accordingly, references agency regulations are to the versions that existed during the applicable tax years. See, e.g.,

partnership, members of a limited liability company taxed as a partnership . . . earning Maine-source income are subject to Maine income taxation . . . ."). Indeed, the parties do not appear to disagree that a nonresident LLC member's distributions from an LLC carrying on business in Maine, such as the distributions received by petitioners from Preti, are subject to Maine income tax. (See Pet'r Opp'n Br. at 2; Resp't Opp'n Br. at 6.) Instead, the dispute in this case is manner in which these distributions were apportioned. See, e.g., 36 M.R.S. §§ 5142(6), 5211.

"[T]he construction of a statute utilized by those whose duty it is to make the statute operative is entitled to great deference by a court when called upon to construe the statute." Georgia-Pacific Corp. v. State Tax Assessor, 562 A.2d 672, 674 (Me. 1989) (quoting Kelley v. Halperin, 390 A.2d 1078, 1080 (Me. 1978)). Courts are "to defer to [the] assessor's interpretation of the statute" yet recognize that the "plain meaning of a statute always controls over an inconsistent administrative interpretation." Scott Paper Co. v. State Tax Assessor, 610 A.2d 275, 277 (Me. 1992); Robbins v. State Tax Assessor, 536 A.2d 1127, 1128-29 (Me. 1988). Nevertheless, the power to tax is strictly construed in favor of the taxpayer and against the state, and "interpretation of statutes levying taxes should not extend their provisions by implication beyond the clear import of the language used." Community Telcoms. Corp. v. State Tax Assessor, 684 A.2d 424, 426 (Me. 1996).

The Assessor argues that the portion of the LLC distributions attributable to Maine is determined pursuant to the formula Preti used to apportion Preti's total

---

18-125 CMR 801 (amended November 12, 1001); 18-125 CMR 806 (repealed and replaced February 17, 2001).

income between states[12] Preti did business in during the years at issue. (Pet'r Opp'n Br. at 6.) The Assessor relies on section 5142(6), entitled "Apportionment," which states:

> If a business, trade, profession or occupation is carried on partly within and partly without this State, the items of income and deduction derived from or connected with sources within this State shall be determined as apportioned to this State under chapter 821 or in the case of the rendering of purely personal services by an individual under regulations to be prescribed by the assessor.

36 M.R.S. § 5142(6). See also id. § 5211(1) (general apportionment rules).[13] Accordingly, the Assessor asserts, because Preti is a Maine entity carrying on business "partly within and party without" Maine, petitioners, as nonresident individuals receiving LLC distributions from Preti, must apportion those distributions using the formula found in chapter 821 of Title 36 [sections 5210-5212]. (Resp't Opp'n at 7.)

Conversely, petitioners argue that the Assessor fails to properly account for section 5142(6)'s language, distinguishing individuals rendering "purely personal services." (Pet'r Br. at 6.) Petitioners maintain that they are clearly "individuals," engaging solely the private practice of law, which constitutes the rendering of "purely personal services" pursuant to sections 5142(6) and 5211(1). (Pet'r Br. at 7.) Contrary to the Assessor's interpretation of these provisions, petitioner argues that the legislature clearly made "the rendering of purely personal services by an individual" a subset of the broader "business, trade, profession, or occupation." (Pet'r Br. at 4-5.) Properly read, petitioner argues, when a multi-state business is carried on partly within Maine, the portion of the income that is "derived from or connected with sources in this State"

---

[12] During the years at issue, Preti did business in Maine, New Hampshire, and Connecticut.

[13] Section 5211(1) provides:

> Any taxpayer, other than a resident individual, estate, or trust, having income from business activity which is taxable both within and without this State, other than the rendering of purely personal services by an individual, shall apportion his net income as provided in this section. Any taxpayer having income solely from business activity taxable within this State shall apportion his entire net income to this State.

is determined pursuant to "regulations prescribed by the assessor" for those taxpayers who are individuals rendering "purely personal services" rather than the "chapter 821" statutory formula using Preti's apportionment percentages. (Pet'r Opp'n Br. at 4-7.)

The court cannot countenance petitioners' interpretation. The "items of income"—the LLC distributions—petitioners received from Preti were derived from a "business . . . carried on partly within and partly without this State. 36 M.R.S. § 5142(6). Although petitioners are individuals that performed personal services, the "items of income" they received were derived from the business carried on by Preti, not from the rendering of personal services by an individual. During the years at issue, all Preti clients, including clients the petitioners provided services for, were clients of the firm. (RSMF ¶ 16.) Amounts paid to petitioners through distributions were determined by a multi-factored formula pursuant to the terms of the Operating Agreement. (RSMF ¶¶ 34-40.) The actual distributions made to petitioners were not derived from the personal services rendered by the petitioners individually, but instead were derived from the pool of money paid by clients to Preti, a business, apportioned according the Operating Agreement.

Petitioners' contention, that the manner by which income is to be apportioned is determined by reference to the characteristics of the taxpayer, rather than how the income is derived, cannot be accepted. (Pet'r Opp'n at 13.) The statutory language uniformly provides "items of income, gain or loss" as the reference by which income is apportioned and derived. See, e.g., 36 M.R.S. § 5142(1)(A) (Maine adjusted gross income "is the sum of . . . [t]he net amount of *items of income, gain, loss*"); 36 M.R.S. § 5142(2) ("*Items of income, gain, loss* . . . derived from or connected with sources within this State are those *items* attributable to . . . [a] business"); 36 M.R.S. § 5142(6) ("the *items of income* . . . derived from or connected with sources within this State shall be

determined as apportioned to this State"); 36 M.R.S. § 5211(1) (Any taxpayer . . . *having income from* business activity . . . other than the rendering of purely personal services by an individual, shall apportion his net income as provided in this section"); 5192(1) ("In determining the adjusted gross income . . . there shall be included only that part derived from or connected with sources in this State of the partner's distributive share of *items of partnership income, gain, loss*"). Accordingly, for apportionment purposes, the focus is upon whether the items of income—the LLC distributions from Preti—were derived from 1) a "business, trade, profession or occupation"; or 2) the rendering of purely personal services by an individual. See 36 M.R.S. § 5142(6). The LLC distributions fall into the first category.

Contrary to petitioners' contention, this interpretation does not render the "purely personal services" limitation moot. (Pet'r Opp'n at 4-5.)[14] That an individual taxpayer renders "purely personal services" is immaterial if no reference is made to the manner by which the "items of income" received by the taxpayer are derived. Instead, the relevant inquiry is whether the "items of income" received by the taxpayer derive from rendering purely personal services by an individual. Conversely, where, as here, the "items of income"—the LLC distributions—are instead derived from business activity, apportionment is governed by "chapter 821 of Title 36."

36 M.R.S. § 5192 bolsters this conclusion. Section 5192 provides that, in determining the sources of a nonresident partner's income, no effect will be given to a partnership agreement which "[c]haracterizes payments to the partner as being for services." While petitioners properly point out that this provisions addresses only partnership agreements, when read in conjunction with the statutory scheme, this

---

[14] Petitioners explain "there is not an individual on this planet who earns a living providing purely personal services who does not do so as part of a business, trade, profession, or occupation." (Pet'r Opp'n at 5.)

provision evinces a legislative intent to address improper attempts to characterize distributive payments from a partnership as being for "services." Sanctioning, through statutory interpretation by a court, a technique that the legislature sought to prevent private parties from accomplishing through the use of the wording of a partnership agreement, would run contrary to legislative intent.

Although petitioners complain that the Assessor's position would result in an unfair result—over 90% of petitioners distributions would be subject to Maine income tax, despite the fact they little time in Maine or practicing law on behalf of Maine-based clients, they argue—this result is neither unfair nor unusual. For example, in Weil v. Chu, 501 N.Y.S.2d 515, 517 (N.Y. App. Div. 1986), attorneys in the Washington, D.C. office of a New York-based partnership were taxed by New York upon the portion of their distributive share of partnership income which was attributable to the partnership's activities in New York. Although the Washington attorneys asserted that "they ha[d] never practiced law or been authorized to practice law in New York, that they ha[d] practiced law exclusively in Washington and that almost all of their clients and fees were generated in Washington," the court upheld the assessment. Id. at 517-20. See also Hickey v. Tax Appeals Tribunal, 617 N.Y.S.2d 961 (N.Y. App. Div. 1994); Spivak v. State Tax Comm'n, 522 N.Y.S.2d 349 (N.Y. App. Div. 1987); Debevoise v. State Tax Comm'n, 383 N.Y.S.2d 698 (N.Y. App. Div. 1976); James A. Amdur, *State Income Tax Treatment of Partnerships and Partners*, 2 A.L.R. 6th 1 (2009). While clearly this extra-jurisdictional authority is not binding, petitioners' unpersuasive attempts[15] to

---

[15] Petitioner argues that "in none of th[e]se cases was the use of the partnership's apportionment percentages actually at issue." (Pet'r Opp'n Br. at 10.) To the contrary, while the taxpayers in each case argued different theories as to why the method of taxation applied was improper—a violation of due process and equal protection (Weil); that the firm was actually two separate partnerships (Hickey); and failure by the Assessor to consider an alternative allocation (Spivak and Debevoise)—in all the cases the courts upheld assessments that required a non-resident partner to allocate his income from a partnership distribution in the same percentage used by the partnership.

distinguish the factual and legal similarities with the instant case underscore the deficiency in the petitioners' position.

Next, the petitioners assert that if the distributive shares received are reachable by the Assessor, an alternate method of apportionment should be utilized to effectuate a more equitable apportionment of their income within the State of Maine. 36 M.R.S. § 5211(17) provides, in pertinent part, that "[i]f the apportionment provisions in this section do not fairly represent the extent of the taxpayer's business activity in the State, the taxpayer may petition for . . . [t]he employment of any other method [of accounting] to effectuate an equitable apportionment of the taxpayer's income." The Court does not find that petitioners have demonstrated that the apportionment methods utilized by the Assessor unfairly represent the their business activities within the state.

In Debevoise, the New York Appellate Division interpreted a similar provision of the New York Tax Law.[16] 52 A.D.2d at 1024. There, the Court held that apportioning an out-of-state partner's distributive income by the proportion of the law firm's in-state activities was proper. Id. In rejecting the petitioner's claim that apportionment should be based on the time he spent representing New York clients, the court reasoned that the petitioners income was not in any way predicated on the amount of time he spent in New York, and therefore; apportioning his distributive shares based on the firm's New York activities was proper. Id. This Court finds the reasoning of the Debevoise court persuasive and applicable to the issue of equitable apportionment in "pass through" tax entities such as an LLC under 36 M.R.S. § 5211(17).

---

[16] NY CLS Tax § 632(d) provides "[t]he tax commission may, on application, authorize the use of such other methods of determining a nonresident partner's portion of partnership items derived from or connected with New York sources, and the modifications related thereto, as may be appropriate and equitable, on such terms and conditions as it may require."

Like in <u>Debevoise</u>, petitioners' "business activity" is not the individual legal services they provide to New Hampshire clients. Rather, the business activities giving rise to the income relevant here are the legal services provided by Preti generally. As members, petitioners are entitled to distributions calculated by the profits and losses realized by the company rather than earned wages. This is significant because the income at issue here was apportioned based on the extent of Preti's actual activity within the Maine, which resulted in gain to petitioners without regard to petitioners' own activities. Although the Court recognizes the language of the 36 M.R.S. § 5211(17) uses the phrase "the *taxpayer's* business activity," (emphasis added), the extent of petitioners' income from Preti is in no way calculated by the nature and extent petitioners' own legal practice. Rather, the petitioners' "activity" that gave rise to income was their standing as members of Preti, an LLC conducting business primarily in Maine. Were petitioner's share calculated by the nature and extent of their own activities, occurring primarily in New Hampshire, their argument would carry more weight. Therefore, accounting representing the portion of Preti's income resulting from Maine activity is appropriate.

Finally, petitioners claim they are entitled to abatement of the penalties assessed. 36 M.R.S. § 187-B(7) provides that the Assessor shall waive or abate the assessed penalties if the taxpayer has "reasonable cause" for nonpayment. "Reasonable cause" includes "substantial authority justifying the failure to pay." 36 M.R.S. § 187-B(7)(F). The Law Court has held the burden for establishing substantial authority for the tax treatment of an item is less stringent than the "more likely than not" standard, and exists when the "weight of authorities supporting the treatment is substantial in relation to the weight of authorities supporting contrary treatment." <u>John Swenson Granite, Inc. v. Assessor</u>, 685 A.2d 425, 429 n.3 (Me. 1996).

Here, the Court is satisfied that plaintiffs provided substantial authority in relation to the authorities supporting contrary treatment justifying their failure to pay. For example, the petitioners made substantial arguments in their favor including textual arguments regarding the plain meaning of "purely personal services" under § 5142(6) and § 5211(1) and the meaning of the phrase "taxpayer's business activities" under § 5211(17). (Pet'r Br. at 5-14). Although there is not an abundance of authority in favor of petitioners' position, the weight of authority the Assessor's favor cannot is not so strong as to render petitioners' claim frivolous or have made the success of petitioners' claim a highly unlikely event. Accordingly, petitioners are entitled to an abatement of the assessed penalties.

The entry is:

> The petitioners' Motion for Summary Judgment requesting that their 80 C appeal be granted is DENIED except for their request for the penalties to be abated is GRANTED.

> The State Tax Assessor's Motion for Summary Judgment requesting that the petitioner's 80 C appeal be denied is GRANTED except their request for penalties is DENIED.

> The case is REMANDED to the State Tax Assessor with orders to abate the penalties assessed for the years of 2002, 2003, and 2004 in connection with this litigation.

August 31, 2009

Justice Joseph Jabar

Attorneys for Petitioners
Michael L. Sheehan
One City Center P.O. Box 956
Portland, ME 04112

Roy T. Pierce
One City Center P.O. Box 956
Portland, ME 04112

| Date Filed | 9/8/06 | Kennebec | Docket No. | AP06-63 |
|---|---|---|---|---|

County

consol. w/ AP06-64, AP06-65, AP06-66

Action ___ Rule 80C ___

., MARDEN

John M. & Rhoda M. Sullivan            vs.            State Tax Assessor

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Michael L. Sheehan, Esq.<br>Preti, Flaherty, Beliveau & Pachios<br>One City Center, PO Box 9546<br>Portland, ME 04112-9546<br>Roy T. Pierce, esq. | Scott W. Boak, AAG<br>6 State House Station<br>Augusta, ME 04333-0006 |

| Date of Entry | |
|---|---|
| 9/8/06 | Petition for Review, filed. s/Sheehan, Esq. |
| 9/13/06 | Letter entering appearance, filed. s/Boak, AAG<br>Respondent will not file responsive pleading. |
| 11/14/06 | Joint Motion For Consolidation And For Order Specifying Future Course Of Proceedings With Incorporated Memorandum Of Law, filed. s/Sheehan, Esq. s/Boak, AAG<br>Proposed Order, filed. |
| 11/15/06 | ORDER ON CONSOLIDATION AND SPECIFYING FUTURE COURSE OF PROCEEDINGS, Marden, J.<br>Copies mailed to attys of record. |
| 11/21/06 | Notification of Discovery Service, filed. s/Boak, AAG<br>State Tax Assessor's First Request for Production of Documents to Petitioner;<br>State Tax Assessor's First Set of Interrogatories to Petitioner, served on M. Sheehan, Esq. on 11/20/06. |
| 1/29/07 | Unopposed Motion For Protective Order With Incorporated Memorandum Of Law, filed. s/Sheehan, Esq.<br>Proposed Order. |
| 1/31/07 | PROTECTIVE ORDER, Marden, J.<br>Copies mailed to attys of record. |
| 2/7/07 | Notification of Discovery Service, filed. s/Sheehan, Esq. (2/6/07)<br>Answers to Respondent's First Set of Interrogatories for Daniel P. Luker;<br>Answers to Respondent's First Set of Interrogatories for Karen A. Slick;<br>Answers to Respondent's First Set of Interrogatories for John M. Sullivan;<br>Answers to Respondnet's First Set of Interrogatories for Rhonda M. Sullivan served on Scott W. Boak, AAG on 2/5/07 |
| 2/26/07 | Notification of Discovery Service, filed. s/Sheehan, Esq.<br>Answers to Respondent's First Set of Interrogatories for Simon Leeming and Answers to Respondent's First Set of Interrogatories for Alice Leeming served on Scott W. Boak, AAG on 2/23/07 |

| Date of Entry | Docket No. _____ |
|---|---|
| 2/28/07 | Notification of Discovery Service, filed. s/Sheehan, Esq. Petitioners' Collective Response to Respondent's First Request For Production Of Documents, served on S. Boak, AAG. on 02/27/07. |
| 3/21/07 | Rule 26(G) Letter, filed. s/Boak, AAG |
| 3/26/07 | Entry of Appearance, filed. s/Pierce, Eq. |
| 3/26/07 | HEARING/CONFERENCE RECORD, Studstrup, J. Roy Pierce, Esq. and Scott Boak, AAG participating in conference call. Plaintiffs will submit discovery log, parties to submit letter memos regarding documents in log; court will rule in writing. Copies mailed to attys of record. |
| 3/29/07 | Notification of Discovery Service, filed. s/Boak, AAG State Tax Assessor's Notice of Deposition of Preti, Flaherty, Beliveau & Pachios, served on R. Pierce, Esq. on 03/28/07. |
| 4/27/07 | Notification of Discovery Service, filed. s/Boak, AAG State Tax Assessor's Notice of Deposition of Berry, Dunn, McNeil & Parker, served on R. Pierce, Esq. on 04/26/07. |
| 6/8/07 | Respondent's Consented-To Motion To Modify Scheduling Order With Incorporated Memorandum Of Law, filed. s/Boak, AAG Proposed Order, filed. |
| 6/18/07 | ORDER ON MOTION TO MODIFY, Marden, J. 1. The discovery deadline is extended by three (3) months up through and including Monday, October 15, 2007; and 2. All subsequent dead-lines are also generally extended by three (3) months. |
| 8/30/07 | Notification of Discovery Service, filed 8/29/07. s/Sheehan, Esq. Petitioners' First Set of Interrogatories Propounded to Respondent; Petitioners' First Request for Production of Documents Propounded to Respondent, served on S. Boak, Esq. on 8/28/07. |
| 9/6/07 | Respondent's Second Consented-To Motion To Modify Scheduling Order With Incorporated Memorandum Of Law, filed 8/31/07. s/Boak, AAG Proposed Order, filed. |
| 9/25/07 | The Court's scheduling order dated November 14,2006,as modified by Order dated June 18,2007, is further modified as follows: (1). The discovery deadline is extended by three (3) months up through and including Tuesday, January 15, 2008; and (20. All subsequent deadlines are also generally extended by three (3) months. s/ Studstrup. Copies mailed to parties |
| 9/28/07 | Notification of Discovery Service, filed. s/Boak, AAG State Tax Assessor's Response to Petitioners' First Set of Interrogator: Propounded to Respondent and State Tax Assessor's Response to Petitione: First Request for Production of Documents served on Roy T. Pierce, Esq. on 9/27/07. |
| 10/29/07 | Notificiation of Discovery Service, filed. s/Boak, AAG Notice of Deposition of Simon C. Leeming and Notice of Deposition of John Sullivan served on Roy T. Pierce, Esq. on 10/25/07. |
| 11/16/07 | Petitioners' Motion for Protective Order with Incorporated Memorandum of Law, filed. s/Sheehan, Esq. Proposed Order, filed. |

**11/20/07** — Letter from Scott Boak AAG requesting a telephone conference regarding discovery dispute and Documents to be produced.filed by S Boak AAG

**11/19/07** — Notification of Discovery Service, filed. s/Boak, AAG
Notice of Deposition of Christopher P. Reid and Notice of Deposition of Daniel P. luker served on Roy T. Pierce, Esq. on 11/15/07.

**12/4/07** — Proposed Discovery Order, filed. s/Boak, AAG

**12/5/07** — DISCOVERY ORDER, Marden, J.
Copies to attys. of record.

**1/4/08** — Notice of Depositon of Christopher Reid, Daniel Luker, Simon Leeming, and John Sullivan served on Atty Pierce on 12/27/07.

Notice of setting for 4/7/08

sent to attorneys of record.

**3/18/08** — Joint Motion to Amend Protective Order, filed. s/Pierce, Esq. s/Boak, AAG
Proposed Order, filed. (Exhibits in the vault)

**3/21/08** — NOIFFCCATION OF DISCOVERY SERVICE...petitioners' notice to take oral deposition of respondent State Tax Assessor Pursuant to M.R.Civ.P 30(b)(6) served on Atty Boak on 3/20/08. s/ Sheehan, Esq.

**3/27/08** — ORDER AMENDING AND REPLACING PROTECTIVE ORDER, Jabar, J.
Copies to attys. of record.

**4/3/08** — Joint Motion to Continue, filed. s/Pierce, Esq. s/Boak, AAG
Proposed Order, filed.

ORDER, Joseph, J. (4/4/)
These consolidated actions are removed from the Court's current trial calenda (for April and May,2008).
The discovery, motions and all subsequent deadlines shall be subject to the existing deadlines set forth in the Court's original scheduling order dated November 14, 2006, as subsequently modified and amended by the Court's orders, including its most recent order issued on or about December 6, 2007.
Copies to attys. of record.

Joint Motion for Supplemental Protective Order, filed. s/Pierce, Esq.
Proposed Order, filed.

ORDER, Jabar, J. (4/4/08)
hereby Grants such motion, and supplements its recent Order Amending and Replacing Protective Order, dated March 27, 2008 ("3/27/08"), as follow:

**4/8/08** — Letter requesting a Discovery Conference, filed. s/Pierce, Esq.

Notification of Discovery Service, filed. s/Sheehan, Esq.
Petitioners' Notice to Take Oral Deposition of Respondent State Tax Assessor Pursuant to M.R.Civ.P. 30(b)(6) served on Scott W. Boak, AAG on 3/20/08

**4/14/08** — NOTIFICATION OF DISCOVERY SERVICE, FILED. s/Pierce, Esq.
Petitioner's Amended Notice to Take Oral Deposition of State Tax Assessor served on Scott Boak, AAG. on 4/10/08.

**4/22/08** — Letter from AAG, filed. s/Boak, AAG (4/18/08)

**5/13/08** — ORDER, Jabar, J.
Copies to attys. of record.

| Date of Entry | Docket No. |
|---|---|
| 6/24/08 | State Tax Assessor's Motion for Summary Judgment with Incorporated Memorandum of Law, filed. s/Boak, AAG<br>State Tax Assessor's Statement of Material Facts Pursuant to M.R.Civ. P. 56(h)(1), filed. s/Boak. AAG<br>Affidavit of Elaine L. Corrow in Support of State Tax Assessor's Motion for Summary Judgment filed.<br>State Tax Assessor's Request for a Hearing on Motion for Summary Judgment, filed. s/Boak, AAG<br>Proposed Decision and Order on Motion for Summary Judgment, filed.<br>Deposition transcript of Preti Flaherty Beliveau & Pachios (2) Berry Dunn McNeil & Parker (2), Christopher P. Reid, Simon C. Leeming, John M. Sullivan and Daniel P. Luker |
| 6/30/08 | Motion for Summary Judgment, filed. Pierce, Esq.<br>Petitioner's Statement of Undisputed Material Facts, Proposed Order and Request for Hearing. |
| 7/15/07 | State Tax Assessor's Opposition to Petitioners' Motion for Summary Judgment, filed. s/Boak, AAG<br>State Tax Assessor's Oppsing Statement of Material Facts and Additional Facts, filed. s/Boak, AAG<br>Deposition Transcript of Elaine Corrow, filed. |
| ------- | Petitioners' Memorandum in Opposition to Respondent's Motion for Summary Judgment, filed. s/Pierce, Esq.<br>Petitioners' Opposing Statement of Materials Facts and Statement of Additional Facts, filed. s/Pierce, Esq. |
| 7/21/08 | State Tax Assessor's Reply in Support of his Motion for Summary Judgment, filed. s/Boak, AAG<br>State Tax Assessor's Reply Statement of Material Facts, filed. s/Boak, AAG |
| 7/22/08 | Petitioners' Reply Memorandum in Support of Their Motion for Summary Judgment, filed. s/Pierce, Esq.<br>Petitioners' Reply Statement of Material Facts, filed. s/Pierce, Esq. |
| | Notice of setting for 9/2/08<br>sent to attorneys of record. |
| 8/26/08 | Motion To Continue, filed. s/Sheehan, Esq.<br>Proposed Order, filed. |
| 8/28/08 | ORDER on Motion to Continue, Jabar, J.<br>Motion to Continue is GRANTED. The oral argument in this case shall be continued to the next available date.<br>Copy mailed to attorneys of record. |
| 9/3/08 | Letter requesting a continuance set for 8/2/08, filed.s/Boak, AAG (8/27/08) |
| | Notice of setting for 12/4/08<br>sent to attorneys |

| Date of Entry | John & Rhoda Sullivas vs State Tax Assessor Docket No. AP06-63 |
|---|---|
| 8/31/09 | DECISION AND ORDER, Jabar, J.<br>The petitioners' Motion for Summary Judgment requesting that their 80C appeal be granted is DENIED except for their request for the penalties to be abated is GRANTED.<br>The State Tax Assessor's Motion for Summary Judgment requesting that the petitioner's 80C appeal be denied is GRANTED except their request for penalties is DENIED.<br>The case is REMANDED to the State Tax Assessor with orders to abate the penalties assessed for the years of 2002, 2003 and 2004 in connection with this litigation.<br>Copies to attys. of record<br>Copies to repositories. |

| Date Filed | 9/8/06 | Kennebec | Docket No. | AP06-64 |
|---|---|---|---|---|

County

consol w/AP06-63, AP06-65. AP06-66

Action _____ Rule 80C

Daniel P. Luker and Karen A. Slick     vs.     State Tax Assessor

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Michael L. Sheehan, Esq.<br>Preti, Flaherty, Beliveau & Pachios<br>One City Center, PO Box 9546<br>Portland, ME  04112-9546<br>Roy T. Pierce, Esq. | Scott W. Boak, AAG<br>6 State House Station<br>Augusta, ME   04333-0006 |

| Date of Entry | |
|---|---|
| 9/8/06 | Petition for Review, filed.  s/Sheehan, Esq. |
| 9/13/06 | Letter entering appearance, filed.  s/Boak, AAG<br>Respondent will not file responsive pleading. |
| 11/14/06 | Joint Motion For Consolidation And For Order Specifying Future Course Of Proceedings With Incorporated Memorandum Of Law, filed.  s/Sheehan, Esq.  s/Boak, AAG<br>Proposed Order, filed. |
| 11/15/06 | ORDER ON CONSOLIDATION AND SPECIFYING FUTURE COURSE OF PROCEEDINGS, Marden, J.<br>Copies mailed to attys of record. |
| 11/21/06 | See AP06-63. |
| 1/29/07 | See AP06-63. |
| 1/31/07 | PROTECTIVE ORDER, Marden, J.<br>Copies mailed to attys of record. |
| 2/7/07 | Notification of Discovery Service, filed. s/Sheehan, Esq.   (2/6/07)<br>Answers to Respondent's First Set of Interrogatories for Daniel P. Luker;<br>Answers to Respondent's First Set of Interrogatories for Karen S. Slick;<br>Answers to Respondent's First Set of Interrogatories for John M. Sullivan;<br>Answers to Respondent's First Set of Interrogatories for Rhonda M. Sullivan<br>served on Scott W. Boak, AAG on 2/5/07. |
| 2/26/07 | Notification of Discovery Service, filed. s/Sheehan, Esq.<br>Answers to Respondent's First Set of Interrogatories for Simon Leeming<br>and Answers to Respondnet's First Set of Interrogatories for Alice Leeming<br>served on Scott W. Boak, AAG on 2/23/07. |
| 2/28/07 | Notification of Discovery Service, filed.  s/Sheehan, Esq.<br>Petitioners' Collective Response To Respondent's First Request For<br>Production Of Documents, served on S. Boak, AAG on 02/27/07. |

| Date of Entry | Docket No. _____ |
|---|---|
| 3/21/07 | Rule 26(G) Letter, filed. s/Boak, AAG |
| 3/26/07 | Entry of Appearance, filed. s/Pierce, Esq. |
| 3/29/07 | Notification of Discovery Service, filed. s/Boak, AAG<br>State Tax Assessor's Notice of Deposition of Preti, Flaherty, Beliveau<br>& Pachios, served on. R. Pierce, Esq. on 03/28/07. |
| 4/27/07 | Notification of Discovery Service, filed. s/Boak, AAG<br>State Tax Assessor's Notice of Deposition of Berry, Dunn, McNeil &<br>Parker, served on R. Pierce, Esq. on 04/26/07. |
| 6/8/07 | Respondent's Consented-To Motion To Modify Scheduling Order With<br>Incorporated Memorandum Of Law, filed. s/Boak, AAG<br>Proposed Order, filed. |
| 6/18/07 | ORDER ON MOTION TO MODIFY, Marden, J.<br>1. The discovery deadline is extended by three (3) months up through<br>and including Monday, October 15, 2007; and 2. All subsequent dead-<br>lines are also generally extended by three (3) months. |
| 8/30/07 | Notification of Discovery Service, filed 8/29/07. s/Sheehan, Esq.<br>Petitioners' First Set of Interrogatories Propounded to Respondent;<br>Petitioners' First Request for Production of Documents Propounded to<br>Respondent, served on S. Boak, Esq. on 8/27/07. |
| 9/6/07 | Respondent's Second Consented-To Motion To Modify Scheduling Order<br>With Incorporated Memorandum Of Law, filed 8/31/07. s/Boak, AAG<br>Proposed Order, filed. |
| 9/25/07 | The Court's scheduling order dated November 14, 2006,as modified by<br>Order dated June 18, 2007, is further modified as follows:<br>(1). The discovery deadline is extended by three (3) months up through<br>and including Tuesday, Janauary 15, 2008; and<br>(2). All subsequent deadlines are also generally extended by three (3)<br>months. s/ Studstrup<br>Copies mailed to parties |
| 0/28/07 | Notification of Discovery Service, filed. s/Boak, AAG<br>State Tax Assessor's Response to Petitioners' First Set of Interrogato:<br>Propounded to Respondent and State Tax Assessor's Response to Petition<br>First Request for Production of Documents served on Roy T. Pierce, Esq<br>on 9/27/07. |
| 10/29/07 | Notification of Discovery Service, filed. s/Boak, AAG<br>Notice of Deposition of Simon C. Leeming and Notice of Deposition<br>of John Sullivan served on Roy T. Pierce, Esq. on 10/25/07 |
| 11/16/07 | Petitioners' Motion for Protective Order with Incorporated Memorandum<br>of Law, filed. s/Sheehan, Esq.<br>Proposed Order, filed. |
| 11/20/07 | Letter from Scott Boak AAG requesting a telephone conference regarding<br>discovery dispute and Documents to be produced. Filed by S Boak AAG |
| 11/19/07 | Notification of Discovery Service, filed. s/Boak, AAG<br>Notice of Deposition of Christopher P. Reid and Notice of Deposition of<br>Daniel P. Luker served on Roy T. Pierce, esq. on 11/15/07. |
| 12/4/07 | Proposed Discovery Order, filed. s/Boak, AAG |
| 12/5/07 | DISCOVERY ORDER, Marden, J.<br>Copies to attys. of record. |

Docket No. AP-06-64

| Date of Entry | |
|---|---|
| 1/4/08 | Notice of deposition of Christopher Reid, Daniel Luker, Simon Leeming and John Sullivan served on Atty Pierce on 12/27/07 and filed by Atty Boak.<br><br>Notice of setting for 4/7/08<br><br>sent to attorneys of record. |
| 3/18/08 | Joint Motion to Amend Protective Order, filed. s/Pierce, Esq. s/Boak, AAG Proposed Order, filed. (exhibits in vault) |
| 3/21/08 | NOTIFICATION OF DISCOVERY SERVICE..petitioners' notice to take oral depositio of respondent State Tax Assessor pursuant to M.R.Civ.P.30(b)(6) served on Atty Boak on 3/20/08. s/Sheehan, Esq. |
| 3/27/08 | ORDER AMENDING AND REPLACING PROTECTIVE ORDER, Jabar, J.<br>Copies to attys. of record. |
| 4/3/08 | Joint Motion to Continue, filed. s/Pierce, Esq.  s/Boak, AAG Proposed Order, filed.<br>Joint Motion for Supplemental Protective Order, filed. s/Pierce, Esq. Proposed Order, filed. |
| 4/4/08 | ORDER ON MOTION TO CONTINUE, Jabar, J.<br>(see docket entry on AP06-63)<br><br>SUPPLEMENTAL PROTECTICE ORDER, Jabar, J.<br>(see docket entry on AP06-63 |
| 4/8/08 | Letter requesting a Discovery Conference, filed. s/Pierce, Esq.<br><br>Notification of Discovery Service, filed. s/Sheehan, Esq.<br>Petitioners' Notice to Take Oral Deposition of Respondent State Tax Assessor Pursuant to M.R.Civ.P. 30(b)(6) served on Scott W. Boak, AAG on 3/20/08 |
| 4/14/08 | NOTIFICATION OF DISCOVERY SERVICE, FILED. S/Pierce, Esq.<br>Petitioner's Amended Notice to Take Oral Deposition of State Tas Assessor served on Scott Boak, AAG. on 4/10/08. |
| 4/22/08 | Letter from AAG, filed. s/Boak,.AAG |
| 5/13/08 | ORDER, Jabar, J.<br>Copies to attys. of record. |
| 6/24/08 | State Tax Assessor's Motion for Summary Judgment with Incorporated Memorandum of Law, filed. s/Boak, AAG<br>State Tax Assessor's Statement of Material Facts Pursuant to M.R.Civ.P. 56(h)(1), filed. s/Boak, AAG<br>Affidavit of Elaine L. Corrow in Support of State Tax Assessor's Motion for Summary Judgment, filed. s/Boak, AAG<br>State Tax Assessor's Request for a Hearing on Motion for Summary Judgment, filed. s/Boak, AAG<br>Proposed Decision and Order on Motion for Summary Judgment, filed.<br>Deposition transcripts of Preti Flaherty Beliveau & Pachios(2), Berry Dunn McNeil & Parker (2), Christopher P. Reid, Simon C. Leeming, John M. Sullivan and Daniel P. Luker |

| Date of Entry | Docket No. |
|---|---|
| 6/30/08 | Motion for Summary Judgment, filed. s/Pierce, Esq.<br>Petitioner's Statement of Undisputed Material Facts, Proposed Order and Request for Hearing. |
| 7/15/08 | State Tax Assessor's Opposition to Petitioners' Motion for Summary Judgment, filed. s/Boak, AAG<br>State Tax Assessor's Opposing Statement of Material Facts and Additional Facts, filed. s/Boak, AAG<br>Deposition Transcript of Elaine Corrow, filed. |
| ------- | Petitioners' Memorandum in Opposition to Respondent's Motion for Summary Judgment, filed. s/Pierce, Esq.<br>Petitioners' Opposing Statement of Material Facts and Statement of Additional Facts, filed. s/Pierce, Esq. |
| 7/15/08 | State Tax Assessor's Opposition to Petitioners' Motion for Summary Judgment, filed. s/Boak,AAG<br>State Tax Assessor's Opposing Statement of Material facts and Addition. l Facts, filed. s/Boak, AAG<br>Deposition Transcript of Elaine Corrow, filed. |
| ------- | Petitioners' Memorandum in Opposition to Respondent's Motion for Summary Judgment, field. s/Pierce, Esq.<br>Petitioners' Opposing Statement of Material Facts and Statement of Additional Facts, filed. s/Pierce, Esq. |
| 7/21/08 | State Tax Assessor's Reply in Support of his Motion for Summary Judgment, filed. s/Boak, AAG<br>State Tax Assessor's Reply Statement of Material Facts, filed. s/Boak, A... |
| 7/22/08 | Petitioners' Reply Memorandum in Support of Their Motion for Summary Judgment, filed. s/Pierce, Esq.<br>Petitioners' Reply Statement of Material Facts, filed. s/Pierce, Esq. |
| | Notice of setting for 9/2/08<br>to attorneys of record. |
| 8/26/08 | Motion To Continue, filed. s/Sheehan, Esq.<br>Proposed Order, filed. |
| 8/28/08 | ORDER on Motion to Continue, Jabar, J.<br>Motion to Continue is GRANTED. The oral argument in this case shall be continued to the next available date.<br>Copy mailed to attorneys of record. |
| 9/3/08 | Letter requesting a continuance set for 9/2/08, filed. s/Boak, AAG (8/27/08)<br><br>Notice of setting for 12/4/08<br>sent to attorneys of record. |

| Date of Entry | Daniel Luker and Karen Slick vs. State Tax Assessor  Docket No.  AP06-63 |
|---|---|
| 8/31/09 | DECISION AND ORDER, Jabar, J.<br>The petitioners' Motion for Summary Judgment request that their 80C appeal be granted is DENIED except for their reqeust for the penalties to be abated is GRANTED.<br>The State Tax Assessor's Motion for Summary Judgment requesting that the petitioner's 80C appeal be denied is GRANTED except their request for penalties is DENIED.<br>The case is REMANDED to the State Assessor with orders to abate the penalties assessed for the years of 2002, 2003 and 2004 in connection with this litigation.<br>Copies mailed to attys. of record<br>Copies to repositories |

| Date Filed | 9/8/06 | Kennebec | Docket No. | AP06-65 |

County

consol w/AP06-63. AP06-64. AP06-66

Action _____ Rule 80C _____

Simon C. & Alice Leeming              State Tax Assessor

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Michael L. Sheehan, Esq.<br>Preti, Flaherty, Beliveau & Pachios<br>One City Center, PO Box 9546<br>Portland, ME  04112-9546<br>Roy T. Pierce, Esq. | Scott W. Boak, AAG<br>6 State House Station<br>Augusta, ME   04333-0006 |

| Date of Entry | |
|---|---|
| 9/8/06 | Petition for Review, filed.  s/Sheehan, Esq. |
| 9/13/06 | Letter entering appearance, filed.  s/Boak, AAG<br>Respondent will not file responsive pleading. |
| 11/14/06 | Joint Motion For Consolidation And For Order Specifying Future Course Of Proceedings With Incorporated Memorandum Of Law, filed.  s/Sheehan, Esq. s/Boak, AAG<br>Proposed Order, filed. |
| 11/15/06 | ORDER ON CONSOLIDATION AND SPECIFYING FUTURE COURSE OF PROCEEDINGS, Marden, J.<br>Copies mailed to attys of record. |
| 11/21/06 | See AP06-63. |
| 1/29/07 | See AP06-63. |
| 1/31/07 | PROTECTIVE ORDER, Marden, J.<br>Copies mailed to attys of record. |
| 2/5/07 | Notification of Discovery Service, filed. s/Sheehan, Esq. (2/6/07)<br>Answers to Respondent's First Set of Interrogatories for Daniel P. Luker;<br>Answers to Respondent's First Set of Interrogatories for Karen A. Slick;<br>Answers to Respondent's First Set of Interrogatories for John M. Sullivan'<br>Answers to Respondent's First Set of Interrogatories for Rhonda M. Sullivan<br>served on Scott W. Boak, AAG on 2/5/07. |
| 2/26/07 | Notification of Discovery Service, filed. s/Sheehan, Esq.<br>Answers to Respondent's First Set of Interrogatories for Simon Leeming<br>and Answers to Respondent's First Set of Interrogatories for Alice Leeming<br>served on Scott W. Boak, AAG on 2/23/07 |
| 2/28/07 | Notification of Discovery Service, filed.  s/Sheehan, Esq.<br>Petitioners' Collective Response To Respondent's First Request For Production Of Documents, served on S. Boak, AAG on 02/27/07. |

| Date of Entry | Docket No. _____ |
|---|---|
| 3/21/07 | Rule 26(G) Letter, filed.  s/Boak, AAG |
| 3/22/07 | Entry of Appearance, filed. s/Pierce, Esq. |
| 3/29/07 | Notification of Discovery Service, filed.  s/Boak, AAG<br>State Tax Assessor's Notice of Deposition of Preti, Flaherty, Beliveau & Pachios, served on. R. Pierce, Esq. on 03/28/07. |
| 4/27/07 | Notification of Discovery Service, filed.  s/Boak, AAG<br>State Tax Assessor's Notice of Deposition of Berry, Dunn, McNeil & Parker, served on R. Pierce, Esq. on 04/26/07. |
| 6/8/07 | Respondent's Consented-To Motion To Modify Scheduling Order With Incorporated Memorandum Of Law, filed.  s/Boak, AAG<br>Proposed Order, filed. |
| 6/18/07 | ORDER ON MOTION TO MODIFY, Marden, J.<br>1.  The discovery deadline is extended by three (3) months up through and including Monday, October 15, 2007; and 2.  All subsequent deadlines are also generally extended by three (3) months. |
| 8/30/07 | Notification of Discovery Service, filed 8/29/07.  s/Sheehan, Esq.<br>Petitioners' First Set of Interrogatories Propounded to Respondent; Petitioners' First Request for Production of Documents Propounded to Respondent, served on S. Boak, Esq. on 8/28/07. |
| 9/6/07 | Respondent's Second Consented-To Motion To Modify Scheduling Order With Incorporated Memorandum Of Law, filed 8/31/07.  s/Boak, AAG<br>Proposed Order, filed. |
| 9/25/07 | The Court's scheduling order dated November 14, 2006, as modified by Order dated June 18,2007, is further modified as follows:<br>(1). The discovery deadline is extended by three (3) months up through and including Tuesday, January 15, 2008; and<br>(2). All subsequent deadlines are also generally ectended by three (3) months. s/Studstrup<br>Coies sent to parties |
| 9/28/07 | Notification of Discovery Service, filed. s/Boak, AAG<br>State Tax Assessor's Response to Petitioners' First Set of Interrogator<br>Propounded to Respondent and State Tax Assessor's Response to Petitine1<br>First Request for Production of Documents served on Roy T. Pierce, Esq. on 9/27/07. |
| 10/29/07 | Notification of Discovery Service, filed. s/Boak, AAG<br>Notice of Deposition of Simon C. Leeming and Notice of Deposition of John Sullivan served on Roy T. Pierce, Esq. on 10/25/07. |
| 11/16/07 | Petitioners' Motion for Protective Order with Incorporated Memorandum of Law, filed. s/Sheehan, Esq.<br>Proposed Order, filed. |
| 11/20/07 | Letter from Scott Boak AAG requesting a telephone confernece regarding discovery dispute and Document s to be produced. filed by S Boak AAG |
| 11/19/07 | Notification of Discovery Service, filed. s/Boak, AAG<br>Notice of Deposition of Christopher P. Reid and Notice of Deposition of Daniel P. Luker served on Roy T. Pierce. Esq. on 11/15/07 |
| 12/4/07 | Proposed Discovery Order, filed.  s/Boak, AAG |
| 12/5/07 | DISCOVERY ORDER, Marden, J.<br>Copies mailed to attys. of record. |

| Date of Entry | |
|---|---|
| 1/4/07 | Notice of Deposition of Christopher Reid, Daniel Luker, Simon Leeming and John Sullivan was served on Atty Pierce on 12/27/07 and filed by Atty Boak. |

Notice of setting for 4/7/0 8

sent to attorneys of record.

| | |
|---|---|
| 3/18/08 | Joint Motion to Amend Protective Order, filed. s/Pierce, Esq. s/Boak, AAG Proposed Order, filed. (exhibits in vault) |
| 3/21/08 | NOTIFICATION OF DISCOVERY SERVICE..petitioners' notice to take oral depositic of respondent State Tax Assessor served on atty Boak on 3/20/08. s/Sheehan, E |
| 3/27/08 | ORDER AMENDING AND REPLACING PROTECTIVE ORDER, Jabar, J. Copies to attys. of record. |
| 4/3/08 | Joint Motion to Continue, filed. s/Pierce, Esq. s/Boak, AAG Proposed Order, filed. Joint Motion for Supplemental Protective Order, filed. s/Pierce, Esq. s/Boak, AAG Proposed Order, filed. |
| 4/4/08 | ORDER ON MOTION TO CONTINUE, Jabar, J. (see docket entry on AP06-63) SUPPLEMENTAL PROTECTIVE ORDER, Jabar, J. (see docket entry on AP06-63) |
| 4/8/08 | Letter requesting a Discovery Conference, filed. s/Pierce, Esq. Notification of Discovery Service, filed. s/Sheehan, Esq. Petitioners' Notice to Take Oral Deposition of Respondent State Tax Assessor Pursuant to M.R.Civ.P. 30(b)(6) served on Scott W. Boak, AAG on 3/20/08 |
| 4/14/08 | NOTIFICATION OF DISCOVERY SERVICE, FILED. S/Pierce, Esq. Petitioner's Amended Notice to Take Oral Deposition of State Tax Assessor served on Scott Boak, AAG on 4/10/08. |
| 4/22/08 | Letter from AAG filed. s/Boak, AAG |
| 5/13/08 | ORDER, Jabar, J. Copies to attys. of record. |
| 6/24/0 | State Tax Assessor's Motion for Summary Judgment with Incorporated Memorandun of Law, filed. s/Boak, AAG State Tax Assessor's Statement of Material Facts Pursuant to M.R.Civ.P.56(h) (1), filed. s/Boak, AAG Affidavit of Elaine L. Corrow in Support of State Tax Assessor's Motion for Summary Judgment, filed. s/Boak, AAG State Tax Assessor's Request for a Hearing on Motion for Summary Judgment, filed. s/Boak, AAG Proposed Decision and Order on Motion for Summary Judgment, filed. Deposition transcripts of Preti Flaherty Beliveau & Pachios (2), Berry Dunn McNeil & Parker (2), Christopher P. Reid, Simon C. Leeming, John M. Sullivan and Daniel P. Luker |
| 6/30/08 | Motion for Summary Judgment, filed. s/Pierce, Esq. Petitioner's Statement of Undisputed Material Facts, Proposed Order and Request for Hearing. |

| Date of Entry | Docket No. |
|---|---|
| 7/15/08 | State Tax Assessor's Opposition to Petitioners' Motion for Summary Judgment, filed. s/Boak, AAG<br>State Tax Assessor's Opposing Statement of Material Facts and Additional Facts, filed. s/Boak, AAG<br>Deposition Transcript of Elaine Corrow, filed. |
| ------- | Petitioners' Memorandum in Opposition to Respondent's Motion for Summary Judgment, filed. s/Pierce, Esq.<br>Petitioners' Opposing Statemetn of Material Facts and Statement of Additional Facts, filed. s/Pierce, Esq. |
| 7/21/08 | State Tax Assessor's Reply in Support of his Motion for Summary Judgment, filed. s/Boak, AAG<br>State Tax Assessor's Reply Statement of Material Facts, filed. s/Boak, AAG |
| 7/22/08 | Petitioners' Reply Memorandum in Support of Their Motion for Summary Judgment, filed. s/Pierce, Esq.<br>Petitioners' Reply Statement of Material Facts, filed. s/Pierce, Esq.<br><br>*... setting for 9/2/08*<br>*attorneys of record.* |
| 8/26/08 | Motion To Continue, filed. s/Sheehan, Esq.<br>Proposed Order, filed. |
| 8/28/08 | ORDER on Motion to Continue, Jabar, J.<br>Motion to Continue is GRANTED. The oral argument in this case shall be continued to the next available date.<br>Copy mailed to attorneys of record. |
| 9/3/08 | Letter requesting a continuance, filed. s/Boak, AAG (8/27/08)<br><br>*... 12/4/08*<br>*... of record.* |
| 8/31/09 | DECISION AND ORDER, Jabar, J.<br>The petitioners' Motion for Summary Judgment requesting that their 80C appeal be granted is DENIED.except for their request for the penalties to be abated is GRANTED.<br>The State Tax Assessor's Motion for Summary Judgment requesting that the petitioner's 80C appeal be denied is GRANTED.except their request for penalties is DENIED.<br>The case is REMANDED to the State Tax Assessor with orders to abate the penalties assessed for the years of 2002, 2003 and 2004 in connection with this litigation.<br>Copies mailed to attys. of record<br>Copies to repositories. |

| Date Filed | 9/8/06 | Kennebec | Docket No. | AP06-66 |

County

consol w/AP06-63, AP06-64, AP06-65

Action _____ Rule 80C _____

| Christopher P. Reid | vs. | State Tax Assessor |

Plaintiff's Attorney

Michael L. Sheehan, Esq.
Preti, Flaherty, Beliveau & Pachios
One City Center, PO Box 9546
Portland, ME  04112-9546

Defendant's Attorney

Scott W. Boak, AAG
6 State House Station
Augusta, ME  04333-0006

| Date of Entry | |
|---|---|
| 9/8/06 | Petition for Review, filed.  s/Sheehan, Esq. |
| 9/13/06 | Letter entering appearance, filed.  s/Boak, AAG<br>Respondent will not file responsive pleading. |
| 11/14/06 | Joint Motion For Consolidation And For Order Specifying Future Course Of Proceedings With Incorporated Memorandum Of Law, filed.  s/Sheehan, Esq. s/Boak, AAG<br>Proposed Order, filed. |
| 11/15/06 | ORDER ON CONSOLIDATION AND SPECIFYING FUTURE COURSE OF PROCEEDINGS, MARDEN, J.<br>Copies mailed to attys of record. |
| 11/21/06 | See AP06-63. |
| 1/29/07 | See AP06-63. |
| 1/31/07 | PROTECTIVE ORDER, Marden, J.<br>Copies mailed to attys of record. |
| 2/7/07 | Notification of Discovery Service, filed. s/Sheehan, Esq.  (2/6/07)<br>Answers to Respondent's First Set of Interrogatories for Daniel P. Luker;<br>Answers to Respondent's First Set of Interrogatories for Karen A. Slick;<br>Answers to Respondent's First Set of Interrogatories for John M. Sullivan;<br>Answers to Respondent's First Set of Interrogatories for Rhonda M. Sullivan<br>served on Scott W. Boak, AAG on 2/5/07 |
| 2/23/07 | Notification of Discovery Service, filed. s/Sheehan, Esq.<br>Answers to Respondent's First Set of Interrogatories for Simon Leeming<br>and Answers to Respondent's First set of Interrogatories for Alice Leeming<br>served on Scott W. Boak, AAG of 2/23/07 |
| 2/28/07 | Notification of Discovery Service, filed.  s/Sheehan, Esq.<br>Petitioners' Collective Response To Respondent's First Request For<br>Production Of Documents, served on S. Boak, AAG on 02/27/07. |

| Date of Entry | Docket No. _____ |
|---|---|
| 3/21/07 | Rule 26(G) Letter, filed. s/Boak, AAG |
| 3/26/07 | Entry of Appearance, filed. s/Pierce, Esq. |
| 3/29/07 | Notification of Discovery Service, filed. s/Boak, AAG<br>State Tax Assessor's Notice of Deposition of Preti, Flaherty, Beliveau & Pachios, served on. R. Pierce, Esq. on 03/28/07. |
| 4/27/07 | Notification of Discovery Service, filed. s/Boak, AAG<br>State Tax Assessor's Notice of Deposition of Berry, Dunn, McNeil & Parker, served on R. Pierce, Esq. on 04/26/07. |
| 6/8/07 | Respondent's Consented-To Motion To Modify Scheduling Order With Incorporated Memorandum Of Law, filed. s/Boak, AAG<br>Proposed Order, filed. |
| 6/18/07 | ORDER ON MOTION TO MODIFY, Marden, J.<br>1. The discovery deadline is extended by three (3) months up through and including Monday, October 15, 2007; and 2. All subsequent deadlines are also generally extended by three (3) months. |
| 8/30/07 | Notification of Discovery Service, filed 8/29/07. s/Sheehan, Esq.<br>Petitioners' First Set of Interrogatories Propounded to Respondent; Petitioners' First Request for Production of Documents Propounded to Respondent, served on S. Boak, Esq. on 8/28/07. |
| 9/6/07 | Respondent's Second Consented-To Motion To Modify Scheduling Order With Incorporated Memorandum Of Law, filed 8/31/07. s/Boak, AAG<br>Proposed Order, filed. |
| 9/25/07 | The Court's scheduling order dated NOvember 14, 2006, as modified by Order dated June 18, 2007 is further modified as follows:<br>(1). The discovery deadline is extended by three (3) months up through and including Tuesday, January 15, 2008; and<br>(2). All subsequent deadlines are also generally extended by ghree (3) months. s/Studstrup<br>Sent to all parties |
| 9/28/07 | Notification of Discovery Service, filed. s/Boak, AAG<br>State Tax Assessor's Response to Petitioners' First Set of Interrogatoi Propounded to Respondent and State Tax Assessor's Response to Petitione: First Request for Production of Documents served on Roy T. Pierce, Esq. on 9/27/07. |
| 10/28/07 | Notification of Discovery Service, filed. s/Boak, AAG<br>Notice of Deposition of Simon C. Leeming and Notice of Deposition of John Sullivan served on Roy T. Pierce, Esq. on 10/25/07. |
| 11/16/07 | Petitioners' Motion for Protective Order with Incorporated Memorandum of Law, filed. s/Sheehan, Esq.<br>Proposed Order, filed. |
| 11/20/07 | Letter from Soctt Baok AAG requesting a telephone confernece regarding discovery dispute and Documents to be produce filed by S Boak AAG |
| 11/19/07 | Notification of Discovery Service, filed. s/Boak, AAG<br>Notice of Deposition of Christopher P. Reid and Notice of Deposition of Daniel P. Luker served on Roy T. Pierce, Esq. on 11/15/07. |
| 12/4/07 | Proposed Discovery Order, filed. s/Boak, AAG<br>DISCOVERY ORDER, Marden, J.<br>Copies mailed to attys. of record/ |

| Date of Entry | |
|---|---|

| | |
|---|---|
| 1/4/08 | Notice of deposition of Christopher Reid, Daniel Luker, Simon Leeming and John Sullivan served on atty Pierce on 12/27/07 and filed by Atty Boak. |

Notice of setting for __4/7/08__

sent to attorneys of record.

| | |
|---|---|
| 3/18/08 | Joint Motion to Amend Protective Order, filed. s/Pierce, Esq.  s/Boak, AAG Proposed Order, filed.  (exhibits in vault) |
| 3/21/08 | NOTIFICATION OF DISCOVERY SERVICE..petitioners' notice to take oral depsoitio of respondent State Tax Assessor served on Atty Boak on 3/20/08. s/ Sheehan, Esq. |
| 3/27/08 | ORDER AMENDING AND REPLACING PROTECTIVE ORDER, Jabar, J. Copies to attys. of record |
| 4/3/08 | Joint Motion to Continue, filed. s/Pierce, Esq.  s/ Boak, AAG Proposed Order, filed. Joint Motion for Supplemental Protective Order, filed. s/Pierce, Esq. s/Boak, AAG Proposed Order, filed. |
| 4/4/08 | ORDER ON MOTION TO CONTINUE, Jabar, J. (see docket entry on AP06-63) SUPPLEMENTAL PROTECTIVE ORDER, Jabar, J. (see docket entry on AP06-63) |
| 4/8/08 | Letter requesting a Discovery Conference, filed. s/Pierce, Esq. Notification of Discovery Service, filed. s/Sheehan, Esq. Petitioners' Notice to Take Oral Deposition of Respondent State Tax Assessor Pursuant to M.R.Civ.P. 30(b)(6) served on Scott W. Boak, AAG on 3/20/08 |
| 4/14/08 | NOTIFICATION OF DISCOVERY SERVICE, FILED. s/Pierce, Esq. Petitioner's Amended Notive to take Oral Deposition of State Tax Assessor served on Scott Boak, AAG. on 4/10/08. |
| 4/22/08 | Letter from AAG filed. s/Boak, AAG |
| 5/13/08 | ORDER, Jabar, J. Copies mailed to attys. of record. |
| 6/24/08 | State Tax Assessor's Motion for Summary Judgment with Incorporated Memorandum of Law, filed. s/Boak, AAG State Tax Assessor's Statement of Material Facts Pursuant to M.R.Civ.P. 56( h (1), filed s/Boak, AAG Affidavit of Elaine L. Corrow in Support of State Tax Assessor's Motion for Summary Judgment, filed. s/Boak, AAG State Tax Assessor's Reqeust for a Hearing on Motion for Summary Judgment, filed. s/Boak, AAG Proposed Decision and Order on Motion for Summary Judgment, filed. Deposition transcripts of Preti Flaherty Beliveau & Pachios(2), Berry Dunn McNeil & Parker (2), Christopher P. Reid, Simon C. Leeming, John M. Sullivan and Daniel P. Luker |

| Date of Entry | Docket No. |
|---|---|
| 6/30/08 | Motion for Summary Judgment, filed. s/Pierce, Esq.<br>Petitioner's Statement of Undisputed Materials Facts, Proposed Order and Request for Hearing, filed. |
| 7/15/08 | State Tax Assessor's Opposition to Petitioners' Motion for Summary Judgment, filed. s/Boak, AAG<br>State Tax Assessor's Opposing Statement of Material Facts and Additional Facts, filed. s/Boak, AAG<br>Deposition Transcript of Elaine Corrow, filed. |
| -------- | Petitioners' Memorandum in Opposition to Respondent's Motion for Summary Judgment, filed. s/Pierce, Esq.<br>Petitioners' Opposing Statement of Material Facts and Statement of Additional Facts, filed. s/Pierce, Esq. |
| 7/21/08 | State Tax Assessor's Reply in Support of his Motion for Summary Judgment, filed. s/Boak, AAG<br>State Tax Assessor's Reply Statment of Material Facts, filed. s/Boak, AAG |
| 7/22/08 | Petitioners' Reply Memorandum in Support of Their Motion for Summary Judgment, filed. s/Pierce, Esq.<br>Petitioners' Reply Statement of Material Facts, filed. s/Pierce, Esq. |
| | Notice of setting  9/2/08<br><br>sent to attorneys of record. |
| 8/26/08 | Motion To Continue, filed.  s/Sheehan, Esq.<br>Proposed Order, filed. |
| 8/28/08 | ORDER on Motion to Continue, Jabar, J.<br>Motion to Continue is GRANTED.  The oral argument in this case shall be continued to the next available date.<br>Copy mailed to attorneys of record. |
| 9/3/08 | Letter requesting a continuance set for 9/2/08, filed. s/Boak, AAG (8/27/08) |
| 8/31/09 | DECISION AND ORDER, Jabar, J.<br>The petitioners' Motion for Summary Judgment requesting that their 80C appeal be granted is DENIED except for their request for the penalties to be abated is GRANTED.<br>The State Tax Assessor's Motion for Summary Judgment requesting that the petitioner's 80c appeal is denied is GRANTED except their request for the request for penalties is DENIED.<br>The case is REMANDED to the State Tax Assessor with orders to abate the penalties assessed for the years of 2002, 2003 and 2004 in connection with this ligitation.<br>Copies mailed to attys. of record.<br>Copies to repositories. |